## MURRAY v. BININGER.

### December, 1866.

The creditors in an execution who receive the proceeds of a sale made by the sheriff on a levy directed by their agent after the life of the execution has expired, and do not, on learning the facts, repudiate the tresspass, are liable as if the act had been expressly authorized by them.†

Hamilton Murray sued Abram M. Bininger and Rufus H.

---

* Reported at p. 231 of this volume.

† The knowlege of the facts is an essential element, where the responsibility for instructions cannot be brought home to the principal.

Wattles, in the supreme court, for trespass in seizing and carrying away and converting to their own use the furniture of a hotel.

The defendants formerly recovered judgment in an action brought by them against one Smith, and the question in this action was as to their liability to the plaintiff, Smith's mortgagee, for a levy which their agent, without their knowledge, directed to be made on the mortgaged property.

In 1857, Smith was in the possession of a hotel, some of the furniture in which he had incumbered by a chattel mortgage to one Hart, and another part of the furniture by a chattel mortgage held by the present plaintiff, who brought this action against defendants for levying on the part thus mortgaged to him.

In December, 1857, one Thompson recovered judgment against Smith, and issued execution to Hawkins, then sheriff of Oswego, who levied the same on that part of the furniture which was mortgaged to Hart. Shortly afterwards, Hawkins' term as sheriff expired, and his under sheriff deputized the new sheriff, Perkins, to enforce the execution in favor of Thompson.

In April, Perkins sold the property which had been mortgaged to Hart, on Thompson's execution.

The present defendants had meanwhile recovered judgment against Smith, and issued execution thereon to Perkins, the sheriff. And after the sale on Thompson's execution, B. S. Compton, the agent of the present defendants, desired the sheriff to proceed and sell the other part of the property upon the defendant's execution.

The referee found, that at the request and by the direction of Compton, defendant's agent, the sheriff levied defendant's execution, after the return day had passed, upon the property of which plaintiff was mortgagee, and sold it, and that it was bought in by Compton as agent for the present defendants,

Compare Smith v. Tracy, 36 N. Y. 79; Armstrong v. Dubois, vol. 1 of this series, p. 8; Chambers v. Clearwater, Id. p. 431, and notes. Where knowledge is shown, circumstances may amount to a ratification which were not intended as such by the party. Hazard v. Spears, vol. 2 of this series, p. 353.

and by him sold, and the purchaser's note for the price delivered to the defendants.

The defendants were not informed until after the sale that the levy was made after the return day of the execution, but they were notified before this action was commenced.

*The referee* held, that the defendants were not originally liable for the acts of their agent, Compton, in instructing the sheriff after the return day of the execution, such acts being beyond the agent's authority and not contemplated by the defendants; but that they were liable therefor by reason of their adoption and ratification of those acts; and he accordingly gave judgment for the plaintiffs, which the supreme court affirmed, on appeal. Defendants appealed to this court.

*Sedgwick, Andrews & Kennedy,* attorneys for defendants, appellants;—Insisted, that the act of the sheriff in levying after the expiration of the execution was absolutely void, and he was a trespasser without pretense of justification. Watrous *v.* Lathrop, 4 *Sandf.* 700; 2 *Cai.* 243; Vail *v.* Lewis, 4 *Johns.* 450; *Id.* 255. That Compton's agency did not extend to directing the trespass. *Story on Ag.* § 309; *Bailey on Ag.,* by *Lloyd,* 396–8; Wright *v.* Wilcox, 19 *Wend.* 353; 1 *Hill,* 480. That the evidence did not show that defendants had a knowledge of all the facts at the time of the alleged ratification; and that, were it otherwise, a levy without execution was a pure trespass, for which defendants could not make themselves liable by subsequent adoption. 2 *Greenl. on Ev.* 59, 60.

*John C. Churchill,* for plaintiff, respondent.

BY THE COURT.—JAMES C. SMITH, J.—The conclusion of the referee, that the defendants are liable for the acts of their agent, Compton, in directing the levy upon the property covered by the plaintiff's mortgage, is warranted by the facts found by him, that the defendants were informed of the sale and purchase by Compton. They received the notes which he obtained therefor; and they were notified, after the sale, and before this suit, that the property was not levied on until after

the return day of their execution. Upon this state of facts, they are clearly liable, on the ground of an adoption and ratification of the acts of their agent, unless they returned the property, or its avails, or, in some other manner, repudiated such acts, after they learned that the levy was illegal. The referee has not found that the defendants repudiated the acts of the agent; on the contrary, he says, in his report, there is no evidence that they did so.

. Their appropriation of the fruits of the wrongful acts of their agent, with a knowledge of all the facts, is a ratification, of the most unmistakable character, and it makes them liable, to the same extent as if his acts had been authorized by their express direction. *Cro. Eliz.* 824; 4 *Inst.* 317.

There is, therefore, no ground for disturbing the judgment, unless the referee erred in receiving the evidence of what the defendant Wattles testified to on the former trial. The only point made at the bar, in respect to the admission of that testimony, is, that the minutes were incompetent, because they were not authenticated by the testimony of the counsel who took them. That point was not suggested on the trial; if it had been specially taken, it might have been obviated; and it cannot be raised on appeal for the first time.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.