### AUERBACH *et al.* v. PEETSCH *et al.*

*(Common Pleas of New York City and County, General Term.  March 7, 1892.)*

1. ACTION ON NOTE—AFFIRMATIVE DEFENSE—RIGHT TO OPEN AND CLOSE.
    In an action against the maker of a note, defendant denied none of the allegations of the complaint, among other things delivery to plaintiffs, but set up the affirmative defense that the note had never been delivered by him to the payee or any other person, of which fact plaintiffs had notice, and that they were not *bona fide* purchasers for value. *Held*, that the court erred in denying to defendant the right to open and close.

2. SAME—EVIDENCE.
    Defendant also pleaded want of consideration, which defense rested entirely on his own testimony and credibility. *Held,* that the court erred in excluding testimony offered by him showing the circumstances under which the note was made.
    15 N. Y. Supp. 102, reversed.

Appeal from city court, general term.

Action by Simon Auerbach and others against Henry C. L. Peetsch and others. From a judgment for plaintiffs, defendant Peetsch appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Johnston & Johnston,* (*Edward W. S. Johnston,* of counsel,) for appellant. *Meyer Auerbach,* for respondents.

DALY, C. J. The complaint set forth that the defendant Peetsch, of New York city, made his promissory note in writing, dated December 3, 1890, for $1,351.20, payable to the order of the defendant Moonelis, four months after date, at the Lenox National Bank, for value received; and that Moonelis thereafter, and before maturity, indorsed and transferred said note for value to the plaintiffs, who are now the lawful owners and holders of said note; that the note was duly presented for payment at the place where the same was payable, and payment thereof demanded and refused, whereupon said note was duly protested for non-payment, of all which defendants had due notice; and that the whole of the principal sum is due and unpaid. The defendant Peetsch answered separately, and alleged—*First,* that the note described in the complaint was not delivered by him to the defendant Moonelis, nor to any other person or persons, nor did he ever receive any value therefor from Moonelis, or any other person, of all which the plaintiffs had notice; *second,* that the plaintiffs did not purchase said note for value in good faith from Moonelis, nor did they part with any value therefor, and that they are not the lawful owners or holders thereof as against the defendant Peetsch. The issues came on for trial before the court and jury, and the counsel for defendant asked the court for the affirmative of the issue. The motion was denied, and exception taken. It would seem that the affirmative was with the defendant. None of the allegations of the complaint were denied, and under the Code they were therefore to be taken as true, and plaintiffs were entitled to recover without any proof. Code, § 322. The complaint set forth a cause of action. It is true that it did not aver that the maker delivered the note after he made it, but it was not necessary to allege delivery by the maker. 2 Wait, Pr. 327; *Peets* v. *Bratt,* 6 Barb. 662. Delivery to the plaintiff was alleged and not denied. There was therefore no delivery to be proved by plaintiffs, as they claim upon this appeal, and they were not entitled to the affirmative, not being required to offer any evidence in support of their cause of action. *Fleischmann* v. *Stern,* 90 N. Y. 110. The right of the affirmative belonged to the defendant, who had affirmatively pleaded non-delivery of the note by him, and want of consideration. It was therefore his right to establish this defense, and, as he thus held the affirmative, "he had the right to open and close the evidence, and the learned judge erred in ruling to the contrary." *Conselyea* v. *Swift,* 103 N. Y. 604, 9 N. E. Rep. 489. The judgment will have to be reversed for this error; but it is proper to say, in respect of certain other exceptions offered by the defendant to the exclusion of evidence from under his defense, that he ought to have been permitted to prove the facts regarding the making of the note in order to substantiate his defense of want of consideration as well as of non-delivery. That defense rested upon his own oath, and as his credibility had to be submitted to the jury, he had the right to show all the circumstances attending the execution and delivery of the paper. And, in all cases where the right of recovery depends upon the plaintiff being a *bona fide* holder, the burden is cast upon the

plaintiff of proving that he took the note before maturity, for value, and without notice of the matters set up as a defense, and this he is to show after the defense is made out. *Nickerson* v. *Ruger*, 76 N. Y. 279.

Judgment reversed, and new trial ordered; costs to abide the event.