(9 Misc. Rep. 164.)

### CLARK v. SMITH.

(Common Pleas of New York City and County, General Term. June 27, 1894.)

APPEAL—FROM CITY COURT TO COMMON PLEAS—WEIGHT OF EVIDENCE.

A judgment of affirmance by the city court of New York is conclusive, on appeal to the court of common pleas, as to weight of evidence, and only rulings on questions of law can be reviewed.

Appeal from city court, general term.

Action by James L. Clark against Andrew J. Smith for goods sold and delivered. From a judgment of the city court (28 N. Y. Supp. 89) affirming a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

J. George Flammer, for appellant.

Charles F. Holm, for respondent.

BISCHOFF, J. Upon appeal from the city court of New York to this court, we are concluded by the judgment of affirmance below with regard to the weight of the evidence, and are to examine only rulings upon questions of law, duly excepted to, for reversible error. Arnstein v. Haulenbeek, 16 Daly, 382, 11 N. Y. Supp. 701; Smith v. Pryor, 16 Daly, 169, 9 N. Y. Supp. 636; Rowe v. Comley, 11 Daly, 318; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996. The action was brought to recover for goods sold and delivered, and defendant

had, prior to the trial, offered judgment for the sum found by the jury to be due. Payments had been made to plaintiff, from the proceeds of defendant's business, by defendant's clerk, Petersen, which in the aggregate, according to defendant's books of account, brought the account between the parties to a figure which corresponded to defendant's contention. The payments were by note in two instances, and by cash in the remaining cases. It was claimed by plaintiff that the former payments were made on the account of Petersen individually, and that the latter were applied upon an earlier indebtedness of defendant's, this indebtedness not being specified. It appeared that Petersen had previously owned the business, which was conducted by defendant at the times covered by the suit, and had sold the same to the latter. All the payments made to plaintiff were entered in defendant's ledger by Petersen, and he testified that he had not charged himself with the amounts stated to have been paid for his individual account. He further claimed that there was an agreement between defendant and himself whereby such use of the proceeds of the business was allowed to be made for his (Petersen's) account, and this the defendant emphatically denied. As to the application of the payments to an earlier indebtedness for goods sold, defendant testified that the full amount owing for goods furnished by plaintiff since he (defendant) purchased the business from Petersen was in the sum which exactly equaled the amount of the payments made, together with the amount tendered by defendant, and which his answer conceded to be due. Here was certainly a question for the jury upon the issue litigated, and, moreover, the credibility of the only three witnesses called was for the jury's determination. Petersen was somewhat discredited by the contradiction appearing between his versions of the sale of the business to defendant as given upon the trial, on the one hand, and in his sworn statement in supplementary proceedings under a certain judgment, on the other. Neither the testimony of the plaintiff nor of the defendant was conclusive, even when uncontradicted, being that of parties interested in the issue. Wennerstrom v. Kelly (Com. Pl. N. Y.) 27 N. Y. Supp. 326, and cases there cited. The few exceptions taken to rulings upon evidence are unavailing upon this appeal, no ground of objection having been stated (Malcolm v. Lyon [Com. Pl. N. Y.] 19 N. Y. Supp. 210; Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996); but, upon an examination of them, we find no prejudice to appellant.

Stress is laid upon the one remaining exception in the case, which was taken to the court's refusal to instruct the defendant to take the affirmative upon the issue. It is argued that, upon the pleadings, the defense of payment was the only issue presented, the answer having admitted the sale and delivery of the goods during the period covered by the complaint, and the denial of value, appearing in the exact figures stated in the complaint, and thus fraught with a negative pregnant, being insufficient to present an issue. Baylies, Code Pl. 229; Bliss, Code Pl. § 332; Maxw. Code Pl. 16, 389; Boone, Code Pl. 361. We assume, as contended by ap-

pellant, that the answer was insufficient to raise a material issue touching the allegations of the complaint (Abb. Tr. Brief Pl. §§ 585, 587); but it is inconceivable that the plaintiff was harmed because he was constrained to prove what was already admitted. The only issue litigated was that of payment, and there is nothing in the record to indicate that the plaintiff was forced to assume, or that he did assume, the burden of proof with regard to that defense. Indeed, it appears that he did not do so, and the court properly instructed the jury that the burden of proof of payment was upon the defendant. The only effect, therefore, of the ruling that the affirmative was with the plaintiff, was to deprive the defendant of his right to begin and conclude, and to bestow the advantages to be derived from the exercise of the right upon the plaintiff. The beginning and conclusion in a judicial trial has been uniformly regarded as an advantage (17 Am. & Eng. Enc. Law, pp. 194, 603, "Onus Probandi"), and only the denial of the right to present ground for reversal (1 Thomp. Trials, § 226, note 2, and cases cited.) The bestowal of the advantages, where the right thereto does not exist, cannot therefore afford a valid ground of complaint. Mere error is never sufficient to warrant the interference of the appellate court. The error for which a reversal is to be directed must be one which operated prejudicially to the appellant. Tracey v. Altmyer, 46 N. Y. 598, 604; Appleby v. Bank, 62 N. Y. 12, 18; Carman v. Pultz, 21 N. Y. 547; Briant v. Trimmer, 47 N. Y. 96. Judgment of the general and trial terms of the court below affirmed, with costs.