(9 Misc. Rep. 449.)

### ROSENSTEIN v. FOX.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

1. REVIEW ON APPEAL—FAILURE TO CERTIFY ALL THE EVIDENCE.
   Refusal to direct a verdict will not be reviewed on appeal, where there is no certificate that the case contains all the evidence.
2. SAME—HARMLESS ERROR.
   Where all the data for computing the rate of interest paid on a note are before the jury, it is not reversible error to permit defendant to state the result of his calculation.

Appeal from trial term.

Action by Isaac Rosenstein against William I. Fox. From a judgment entered on a verdict in favor of defendant, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Edward W. S. Johnston, for appellant.

Charles Strauss, for respondent.

BOOKSTAVER, J. This action was brought to recover the sum of $3,000, with interest thereon from May 27, 1884, on a promissory note made, executed, and delivered by the defendant to the plaintiff. The answer consists—First, of a general denial; second, that the note was made for the accommodation of one Nathan Bernstine, and was given in renewal of a previous usurious note, which bore usurious interest at the rate of 17 3-20 per cent. per annum; third, that the plaintiff was not the real party in interest, and was not a bona fide holder of the note, because, before maturity, the note was paid to Nathan Bernstine, and Nathan Bernstine held the note, and acknowledged himself the possessor thereof before maturity, and because the plaintiff made no claim against defendant until the commencement of the action; and, fourth, that the defendant paid the note to Nathan Bernstine. The plaintiff, at the close of the case, moved for the direction of a verdict for the full amount claimed, which was denied, to which ruling he duly excepted.

In order to determine whether this ruling was right or not, as the appellant himself contends, a review of the evidence is necessary. But there is no certificate in the case showing that it contains all the evidence. Under the firmly established rule of this court and the court of appeals, there can therefore be no review of any such question. Upington v. Pooler (Sup.) 19 N. Y. Supp. 428; Hyman v. Friedman (Com. Pl. N. Y.) 18 N. Y. Supp. 446; Claflin v. Flack (Com. Pl. N. Y.) 13 N. Y. Supp. 269; Howe v. Woolsey, 7 Misc.

Rep. 33, 27 N. Y. Supp. 377; Snaith v. Smith (Com. Pl. N. Y.) 27 N. Y. Supp. 379; Porter v. Smith, 107 N. Y. 531, 14 N. E. 446; Aldridge v. Aldridge, 120 N. Y. 614, 24 N. E. 1022.

An examination of the appellant's exceptions to portions of the charge and to the admission of certain evidence fails to disclose any errors, chiefly because—with a few exceptions, to be considered later—he relies upon alleged deficiencies in the evidence as a basis for demonstrating the errors, which cannot be considered, as the case is presented, for the reason before stated.   Such, for instance, are the exceptions to the trial judge's instructing the jury that they were to determine the question of payment, or whether or not the plaintiff was a bona fide holder for value, or whether or not there had been usury.   Such, also, are the exceptions to the admission of testimony as to payments of usurious interest upon the original note, upon the ground that the defendant must first show that the plaintiff was not a bona fide holder for value before maturity; also, the objection that there was no evidence of Bernstine's agency to make the alleged usurious payments of interest, and the objection that it had not been shown that such payments were made in pursuance of an agreement, and not as gratuity.   Other objections, which are unavailing for the same reason, need not be enumerated.

We do not think that the admission of defendant's testimony as to the rate per annum of interest which he had paid upon the old note presents reversible error.   True, it was, in one sense, a conclusion, but it was immediately preceded by a statement of the amounts and dates of payments of interest; and the successive notes, showing the principal sum and the date from which interest ran, were before the jury.   Just here it might be observed, as showing the case presented does not in fact contain all the evidence given at the trial, that we have failed to find the note of October 27th printed in the case or referred to in the index; but from the reference to it, at folio 41, as "Exhibit 2," it is clear that it was in evidence.   The jury consequently had all the data for making the mathematical computation, and it cannot be said that allowing the defendant to give the result of his calculation is sufficient ground for reversal.   Besides, from our own computation, based upon the payments, principal, and dates as testified to by the defendant, supplemented and corroborated by information gathered from other portions of the case, it appears that his answer, "very nearly eighteen per cent.," was substantially correct.   The exact rate was immaterial, provided it exceeded the legal rate, which it certainly did.

The exception to the trial judge's interpretation of the pleadings, in his charge, presents no error.   The appellant had enjoyed the privilege of opening and closing, and the fact that the judge gave the pleadings a construction under which the appellant would not have been entitled to an advantage already enjoyed was certainly no injury to him.   No burden of proof was improperly placed upon him, as is shown by other portions of the charge, nor is any claim made that such was the case.   In Clark v. Smith, 9 Misc. Rep. 164, 29 N. Y. Supp. 720, we discussed at length such a situation, and nothing further need here be said.   Auerbach v. Peetsch (Com. Pl. N. Y.)

18 N. Y. Supp. 452, relied upon by the appellant, is widely distinguishable from the present case.    There the judgment was reversed because the appellant had been deprived of the privilege of the affirmative.

Some of the remaining exceptions are to the admission of evidence objected to as immaterial and irrelevant.    But it is not shown, nor does it appear. how the appellant was thereby prejudiced, and therefore no sufficient ground for reversal is presented.    Besides, not having all the evidence before us, it is difficult to pronounce upon the question of immateriality and irrelevancy.    Judgment should be affirmed, with costs.