(14 Misc. Rep. 505.)

### MARTIN v. COLEMAN.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

APPEAL—DISCRETION OF TRIAL COURT—STRIKING OUT TESTIMONY.

Whether to strike out illegal evidence admitted without objection, is a question of judicial discretion, and a refusal to strike it out presents no error on appeal. The party prejudiced by such evidence should request an instruction to the jury to disregard it.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Hubert W. Martin against Mary E. Coleman. From a judgment of the city court (34 N. Y. Supp. 1143) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

H. H. Snedeker, for appellant.

Myron H. Oppenheim, for respondent.

PRYOR, J. In an action for damages from an overflow of water on defendant's premises, the questions are whether the evidence sufficed to authorize the jury to find that the injury was the effect of the defendant's negligence, and whether, by due objection and exception, she shows error in the proof of damages.

Beyond doubt the plaintiff presented a prima facie case of injury from defendant's negligence. The escape of the water from premises of which she was in the exclusive occupancy and control, of itself, raised an inference of negligence against her. Moore v. Goedel, 34 N. Y. 527, 532; Breen v. Railroad Co., 109 N. Y. 297, 16 N. E. 60. But, indeed, the defendant frankly owned, immediately on discovery of the injury, that it was imputable to the fault of her employés, and the only fact she controverted was the extent of her liability. She now insists that her admission is ineffectual, because opposed by a physical impossibility. But we discover no mechanical obstacle to the escape of the water from the washstand to the ceiling, whence it dripped upon the plaintiff's goods. The affirmance of the judgment in the city court is conclusive, on this appeal, of all questions of fact upon conflicting evidence. Clark v. Smith, 9 Misc. Rep. 164, 29 N. Y. Supp. 720.

In proof of his damages the plaintiff was asked: "To what extent were those goods damaged? Was it a quarter or a half, as to value?" The question being objected to "on the ground that it was not the proper way of proving damages," no answer was returned. Thereupon the court inquired, "What was your loss, in dollars and cents?" The witness responded, "Five hundred dollars." Then, for the first time, the defendant challenged the evidence, because giving merely th conclusion of the witness. The court replied, "The question is answered, and I will allow it to stand." The evidence was clearly incompetent. Morehouse v. Mathews, 2 N. Y. 514; Roberts v. Railroad Co., 128 N. Y. 455, 464, 28 N. E. 486. But to the question elicit-

ing it no objection was interposed. What remedy then was open to defendant? Obviously, a motion to strike out. In terms, this motion was not made, but assuming, as the court seems to have understood, that the objection was in effect such motion, still whether to grant it was a matter of judicial discretion; and, to present the point in the evidence, the defendant should have requested a direction to the jury to disregard it. Platner v. Platner, 78 N. Y. 90, 101; Pontius v. People, 82 N. Y. 339, 347. No such instruction having been asked, the presence of the evidence is not available error. If the appellant is precluded from recourse to the error by a technicality, it is also true that the amount of damages awarded against her is abundantly supported by other evidence, which she in no way challenged, and of which she now makes no complaint. Judgment affirmed, with costs. All concur.