MATCHETT v. LINDBERG et al.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. APPEAL—EVIDENCE—REVIEW—RECORD.

Since the repeal of Code Civ. Proc. §§ 993, 1023, making a request for findings a condition precedent to a right to have the facts in a case tried to the court or a referee reviewed, a party is entitled to have the facts reviewed in such a case where the decision states the finding of facts and conclusions of law separately, though no request to find was made, or exception taken to the decision.

2. SAME.

A stipulation that the statement on appeal contains all the "oral evidence" will not authorize a review of the facts where it affirmatively appears that there was material documentary evidence not contained therein.

3. TRADE-MARKS—INFRINGEMENT—EVIDENCE.

In an action for infringement of a trade-mark, evidence of acquiescence by others than defendant in plaintiff's claim to the trade-mark is properly excluded.

Appeal from special term, New York county.

Action by James J. Matchett against Theodore Lindberg and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Evidence by plaintiff that other parties than defendants acknowledged and acquiesced in plaintiff's claim to the trade-mark was excluded.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

H. W. Grindal, for appellant.

W. H. Phillips, for respondents.

RUMSEY, J. The action was brought to restrain the use of the plaintiff's trade-mark by the defendants, and for damages. After evidence had been given upon both sides, the court dismissed the complaint, and from the judgment entered upon that decision this appeal is taken. But two exceptions are found in the case, and each of these is an exception to the ruling of the court upon the admission or rejection of evidence. We have examined the rulings of the court in each case, and each of them was clearly correct.

The decision in this case, as filed, contains a finding of fact and a conclusion of law. It is therefore not one of the short decisions permitted to be made by section 1022 of the Code. Under the provisions of that section an exception taken to the decision puts the matter at large, and authorizes the appellate court to review the whole case, including the facts as well as the conclusions of law. No exception was taken to the decision in this case, and therefore the correctness of the conclusions of law cannot be reviewed. The appellant, however, insists that the finding of fact of the court was not warranted by the evidence. No requests to find were made, and there is no indication in the case anywhere that the appellant intends to review the facts. But we do not think that requests to find are now necessary, where the court has made a decision containing findings of fact and conclusions of law. As the Code of Civil Procedure was originally passed it was necessary, when one desired to put himself in

condition to review the facts, where the trial had been had before the court or a referee, that he should, before the decision was made, present to the court or referee requests for findings.    Code Civ. Proc. §§ 993, 1023.    If that was not done, he was not in a situation where he could review the findings of fact.    These sections, however, were repealed at the same session of the legislature at which section 1022 was amended so as to permit a short decision to be filed, which should not contain findings of fact; and the Code was left without any provision for a review of questions of fact if the decision was made after the old fashion of stating separately the findings of fact and the conclusions of law.    In that state of affairs it is clearly not required of a party that he should make requests to find.    It was never necessary that he should file exceptions to the findings of fact.    Lefler v. Field, 50 Barb. 407.    Under the practice before the Code of Civil Procedure no requests to find were necessary to enable one to review the facts upon an appeal from the judgment after a trial by the court.    This state of affairs, as we think, now exists; and where the decision has been made containing findings of fact and conclusions of law separately stated, the defeated party is at liberty upon appeal to review the facts without having filed any exception to the decision, if he is otherwise in a situation to do so.    To put himself in that situation he must make it appear that the case contains all the evidence given upon the trial.    Unless that is done, the court, finding that some evidence has been omitted, must assume that the evidence omitted was sufficient to sustain the findings of fact, whatever might have been its conclusion upon the evidence contained in the case.    It does not appear in this case that the case contains all the evidence given upon the trial.    The stipulation at the end of the case says that it contains all the "oral evidence" given upon the trial, but that stipulation is clearly not sufficient.    In the case of Upington v. Pooler (Sup.) 19 N. Y. Supp. 428, which is not reported in the official series, the certificate stated that the case included all the "testimony" given upon the trial.    It appeared in that case that a considerable amount of documentary evidence which was material had been used upon the trial, and this evidence was omitted from the case.    The court held that when that appeared the case was not complete, so that the facts could be reviewed.    That is precisely the situation of affairs here. It appears affirmatively from the case that, in addition to the oral evidence, a considerable amount of documentary evidence was given which does not appear in the papers.    Without that evidence the case cannot be intelligently reviewed upon the facts.    For this reason no questions are presented for examination upon this appeal, and the judgment must be affirmed, with costs to the respondents.    All concur.