## HILL v. WHITE et al.

(Supreme Court, Appellate Division, Third Department. December 6, 1899.)

1. SALE OF ATTACHED PROPERTY—LIABILITY FOR CONVERSION.

Where defendant's attachment affidavit alleged that the property was in the possession of a third person, who claimed some interest therein, defendant will be presumed to know that the proceeds of the sale of such property under an execution on a judgment obtained against the defendant in attachment included the proceeds of the sale of such property, which was required to be first sold; and, on defendant's acceptance thereof, he became liable to such person for conversion.

2. LIMITATIONS—ACTION AGAINST OFFICER FOR LEVY OF ATTACHMENT.

An attachment was admitted, but it appeared that the property was not removed. The return of an officer levying the same showed that on March 1, 1889, the property had been seized under the writ, an inventory and appraisal made, and copies served on the party claiming it, which was not denied. The officer testified that on receiving execution in the action on October 21, 1889, he immediately levied on the property, and that "the property was in my possession at the time." Held, that a finding that no actual attachment levy had been made before November 5, 1889, and hence that limitations had not begun to run before that time as against the officer making the levy, was against the weight of the evidence.

3. SAME.

An officer is entitled, in an action against him for an attachment levy, to the benefit of the one-year limitation against actions against him on account of his official acts under Code Civ. Proc. § 385, though, as to the plaintiff, he may have been a trespasser.

4. REVIEW—FINDING OF FACTS BY COURT—EXCEPTIONS—NECESSITY.

Code Civ. Proc. § 992, forbidding exceptions to findings of fact in actions tried by the court, a question of fact in such a case may be reviewed without exceptions if the case on appeal contains a certificate that it contains all the evidence.

Appeal from special term, Schuyler county.

Action by William M. Hill against Charles W. White and others. There was a judgment in favor of plaintiff entered on a decision of the court on a trial without a jury, and defendants appeal. Affirmed as to one defendant (Haas), and reversed as to the others, and new trial granted.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Reynolds, Stanchfield & Collin, for appellants.
Gabriel L. Smith, for respondent.

MERWIN, J. In the complaint in this action it is alleged that in the latter part of summer or during the fall of 1889 the defendants wrongfully entered upon premises of plaintiff and one Beecher, and took possession of and sold, or took possession of and converted to their own use, certain property belonging to the plaintiff and Beecher, consisting of an engine and belting, a shingle mill, and a cider mill, of the value of $400; and that Beecher had conveyed all his interest to the plaintiff. In the answers of the defendants there was, in substance, a general denial. It was also alleged that the defendant White was sheriff, and the defendant Wakeman a deputy sheriff, of the county, and the property was taken by them solely in their official capacity, and under and by virtue of a writ of attachment issued out of the supreme court; and that the cause of action of the plaintiff did not accrue within one year before the commencement of the action. It was also alleged that the property was, at the time of the seizure and sale, the property of Joseph L. Fleming, and was sold by said sheriff by virtue of an execution issued on a judgment obtained by the defendant Haas against said Fleming. Upon the trial it was conceded that the action was in trover, and the court found that the property was chattel property. It appeared that on March 1, 1889, Joseph L. Fleming, then being in possession of the property, transferred it to Albert S. Winfield, who at same date transferred an undivided one-half thereof to Mark A. Beecher, and that on the 10th June, 1889, Winfield transferred the other half to the plaintiff. On the 1st day of August, 1889, the defendant Haas, a creditor of Joseph L. Fleming, in an action in the supreme court for the recovery of his debt, obtained an attachment against the property of Fleming. This was placed in the hands of the defendant Wakeman, a deputy sheriff, for execution, and on the 3d of August, 1889, as the defendants claim, the attachment was levied upon the property in question. On the 18th of October, 1889, Haas, in his action, obtained judgment against Fleming after service of summons by publication, and execution thereon was issued and delivered to Wakeman, as deputy sheriff, who, on the 21st of October, 1889, as the defendants claim, levied upon the same property under said execution, it being then, as the officer testifies, in his possession under the attachment, and the same was sold by him under said execution on the 8th November, 1889, at public sale, and bid in by Fanny B. Winfield for the sum of $186.11, which was apparently the amount of the judgment of Haas and the expenses of the sale. No question is made upon this appeal as to the ownership by plaintiff or his assignor of the property, or as to its value. The claim of the appellant Haas is that upon the facts he is not responsible for the conversion. The claim of the other appellants is that the one-year statute of limitation (section 385, Code Civ. Proc.) protects them upon the theory that the levy on the attachment as well as on the execution was more than one year before the commencement of this action on the 5th of November, 1890. Haas received from the sheriff

the proceeds of the sale of the property upon the execution. In obtaining the attachment, Haas made an affidavit, which, among other things, stated that Fleming "has property in the state of New York, to wit, one feed mill, one shingle mill, one cider mill, as plaintiff (Haas) is informed and believes." It was also stated in the affidavit that Fleming went away about the spring of 1889, and was insolvent, and that, before leaving the state, he attempted to convey the whole of his said property to Albert S. Winfield for a nominal consideration. The affidavit closed with the statement that the plaintiff (Haas) applied for a warrant of attachment against the property of Fleming, as provided by the Code of Civil Procedure. The property above described included, as it may be inferred from the evidence, the property in controversy. The attachment was in the usual form, requiring the sheriff to attach and safely keep so much of the property within his county which the said Fleming has, or which he may have at any time before final judgment, as will satisfy the plaintiff's demand and costs. The sheriff, according to his return, levied on the property in question on August 3d, and made thereof an inventory and appraisal. The summons in the action was then served by publication. On October 12th, application was made to court for judgment and the plaintiff Haas was present, and gave testimony as to his claim. An affidavit was presented, made by the attorney for the plaintiff, to the effect that an attachment had been issued and levy made on the property here involved. Code, § 1217. Judgment was granted, which recited the proof of the issuing and levy of the attachment. The execution on the judgment was issued October 19, 1889. The execution itself is not in evidence. Parol proof of its issuing was given without objection. Presumptively it stated, as required by section 1370 of the Code, that the sheriff must first satisfy the judgment out of the property attached; and that it did so state appears from the certificate of sale, which is in evidence. It does not appear whether Haas was present at the sale.

The fact, simply, that a plaintiff in an ordinary judgment and execution receives the proceeds of a sale on the execution, in ignorance of the fact that they are the result of a trespass, would not make the plaintiff responsible for the trespass. Clark v. Woodruff, 83 N. Y. 518. If, however, he receives and retains the proceeds with knowledge of the facts, he is liable. Freem. Ex'ns, § 273; Murray v. Bininger, 3 Abb. Dec. 336. In Abbott v. Kimball, 19 Vt. 552, it is said that an attaching creditor is not liable for a wrong committed by the officer, unless he in some way participated in the wrong, or ratified or confirmed it after becoming aware of it. Counseling the act which creates the liability of the officer may be enough. Hyde v. Cooper, 26 Vt. 552. In Averill v. Williams, 1 Denio, 501, 503, it is said an action will not lie against the plaintiff in the execution unless he interfered with the levy, or assented to what had been done by the officer. In the present case, Haas, by the judgment and execution, not only put the officer in motion, but directed him to take and sell the specific property here in question. More than that, he initiated, by his affidavit for the attachment, the attack or claim on

this property, and had then information of the claim of Winfield,. from whom the plaintiff derives title. Haas is presumed to know the character of the judgment in his favor and of the execution, and, if so, he presumptively knew, when he received the proceeds of the sale, that they included the proceeds of the sale of this property, as it was required to be first sold. It seems to have been practically conceded at the trial that the property did not, at the time of the attachment, belong to the debtor, Fleming. The evidence warrants, I think, the finding that Haas participated in the transaction from the start, with knowledge of the adverse claim, and, if so, the trial court did not err in holding him responsible.

The question whether the defendants White and Wakeman are protected by the short statute of limitations depends on whether an actual levy was made upon the property by virtue of the attachment or execution prior to the 5th of November, 1889. The trial court finds that the officer did not take possession; that neither the plaintiff nor Beecher had any knowledge of any levy; and, in effect, that there was no levy on either writ prior to November 5th. The appellants claim that this finding is against the evidence. On the part of the plaintiff there was general evidence that Winfield and Beecher, or the plaintiff and Beecher, were in possession from March 1, 1889, up to the time of the sale, from which it might, in the absence of any other evidence, be inferred that there was no actual levy on the attachment or execution. On the part of the defendant, Wakeman, who had the attachment and execution, testified, upon being shown the warrant of attachment, that as deputy sheriff he levied that attachment. It was then said by plaintiff's counsel, "We don't question anything of that kind; that he did all these things we don't question." The warrant and inventory, judgment roll, and affidavit for attachment were put in evidence. From the return of the officer, which was a part of these papers, it appeared that under the writ the property had been seized, and taken into possession of the officer, an inventory and appraisal made, and a copy of the attachment and inventory served upon Mr. Hill, as one who claimed the property at that time. Mr. Wakeman further testified that upon receiving the execution on October 21, 1889, he immediately levied upon the property, and that "the property was in my possession at the time." The witness was not asked by either side for any further details as to either levy, and no further evidence was given on the subject. The plaintiff did not deny the service upon him of a copy of the attachment and inventory, and neither the plaintiff nor Beecher testified that they had no notice of the levies, and no rebutting evidence was offered as to the levies, as testified to or certified by the officer. It appeared that the property was not removed. This did not invalidate the levy. Roth v. Wells, 29 N. Y. 471, 485. The finding that there was no actual levy prior to November 5, 1889, was, I think, against the weight of evidence. The officer was entitled to the benefit of the statute, although, as to the plaintiff, he may have been a trespasser. Cumming v. Brown, 43 N. Y. 514.

But it is said that the exceptions filed by the appellants to the decision of the court are not definite enough to enable them to raise

this question. The decision stated separately the facts found and the conclusions of law. By section 992 of the Code, exceptions to findings of fact in actions tried by the court are forbidden, and questions of fact in a case like the present may be reviewed upon appeal without exceptions, provided that the case contains a certificate that it contains all the evidence. Porter v. Smith, 107 N. Y. 531, 14 N. E. 446; Mead v. Smith, 28 Hun, 639; Matchett v. Lindberg, 2 App. Div. 340, 37 N. Y. Supp. 854. There is here such a certificate.

Judgment affirmed as to appellant Haas. Judgment reversed as to the other appellants, and new trial granted, with costs of appeal to such appellants to abide the event. All concur.