## WILMARTH v. HEINE.

(Supreme Court, Appellate Division, Third Department.   March 9, 1910.)

1. APPEAL AND ERROR (§ 265*)—REVIEW—TRIAL BY COURT—QUESTIONS OF FACT —EXCEPTIONS.

Under Code Civ. Proc. § 992, forbidding exceptions to findings of fact in actions tried by the court, a question of fact in such case may be reviewed without exceptions, if the case on appeal contains a certificate that it contains all the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1536–1551; Dec. Dig. § 265.*]

2. USURY (§ 18*)—SALE OF WAGES—NATURE OF TRANSACTION.

An employé approached a money lender for a loan of $125, and the lender said that, since he had only wages for security, it would be taking too great a risk, but that he would buy his future wages. The lender then bought $190 worth of wages for $125. The employé assigned all his wages for five years; the lender agreeing to take only $20 per month out of the wages until the $190 was paid. The assignment also provided for a method of collection from the employer, and contained other stipulations securing the lender. Held, that the transaction was a mere cloak to cover usury, and hence, on nonpayment of the wages to the lender, an action would not lie against the employé for conversion of the wages.

[Ed. Note.—For other cases, see Usury, Dec. Dig. § 18.*]

Appeal from Fulton County Court.

Action by Frank H. Wilmarth against Jeane Heine. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

This action was brought to recover for the alleged conversion of $170 of wages or salary earned by the defendant. The defense was usury. The claim of the plaintiff is based upon a written assignment, dated November 28, 1905, which recites that the defendant hereby sells, assigns, transfers, and sets over to said party of the first part, for the sum of $190 and other valuable

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consideration, "any and all salary, wages, earnings, commissions, accounts, incomes, dues, moneys, profits, and credits which amounts to $90 per month, and becomes due and payable on the 10th of each month, from Louis Meyers & Son, for the period of five years from date hereof, or until such time as the sum first written above, together with attorney's fees, costs, and disbursements hereinafter provided for, has been paid in full. Said party of the first part has made and delivered to the said party of the second part written authority to collect the said salary, wages, earnings, commissions, accounts, incomes, dues, moneys, profits, and credits when the same shall become due from Louis Meyers & Son, said second party's employer, or other debtor, the conditions of said written authority being that the said party of the second part shall turn over to said party of the first part, his heirs, executors, administrators, and assigns, the amount designated in said written authority, on pay day or pay days or income days, until the amount first written above has been fully paid in full." The agreement also provided that, on failure of the second party to turn the moneys over to first party, the party of the first part shall collect all of said salary, wages, and credits of second party from said employers or other debtors "until the total amount collected and retained by said party of the first part shall amount to $190, together with an attorney's fee of $40, and all costs and disbursements incurred in making such collection, as liquidated damages." At the same time the plaintiff executed an instrument which provided that "Jeane Heine is hereby authorized to collect from Louis Meyers & Son and any subsequent employer such sum of money as is due the said Jeane Heine on the next pay day and settlement, to wit, on December 10, 1905, after date hereof, and on all subsequent pay days or income days, and until the terms of a certain contract and sale hereinafter referred to have been fulfilled, as salary, wages, earnings, commissions, accounts, dues, moneys, profits, and credits, and any, all, or either of them, and to pay over and convey said sum of money in full immediately and on the same day of its receipt by him to the undersigned, or his designated agent, at his office in Parkhurst Block, according to the terms of a certain contract and sale of even date herewith."

The plaintiff was a money lender or broker. The defendant was in the employ of Louis Meyers & Son and was earning from $60 to $90 per month. The plaintiff testified that, at the time the defendant applied to him for a loan, "I said: 'You have no security to give me except your wages. You are liable to get sick, go blind, get crazy, or lose a hand or foot, and not be able to work. Therefore I have got a big risk.'" He also testified that he told the defendant that if they could make a satisfactory arrangement he would buy his wages; that he bought $190 worth of wages, and paid $125 for them; that by the terms of the agreement he was to pay $20 a month out of the wages; "that is what I agreed to take. I agreed, if he would give me $20 a month, the matter would run along until it was paid. He was to bring the whole of the wages and deliver them to me, and I was to take $20 and give the wages back to him." It was conceded that between December 10, 1905, and May 10, 1906, the defendant collected $323.20 wages earned by him during that time, and of that sum he only paid the plaintiff $20.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

George H. Witherhead, for appellant.
N. H. Anibal, for respondent.

SEWELL, J. The first question presented upon this appeal is one relating to practice. The respondent claims that we have no power to review any question of law or fact, as it appears that no exceptions have been filed to the decision of the court. The question of the necessity for exceptions where, as in this case, there is a certificate showing that it contains all the evidence, was presented in Hill v. White,

46 App. Div. 360, 61 N. Y. Supp. 515. In discussing the question in that case we said:

"By section 992 of the Code, exceptions to findings of fact in actions tried by the court are forbidden, and questions of fact in a case like the present may be reviewed upon appeal without exceptions, provided that the case contains a certificate that it contains all the evidence."

The other question presented is whether there was a bona fide sale of the defendant's wages, or a device to cover a usurious loan. I think it is plain, from the facts appearing in the record, that the transaction was not an actual sale, but a scheme by means of which the most flagrant extortion was intended to be practiced by the plaintiff upon the defendant. The written instruments. taken in connection with the history of the transaction, as testified to by the plaintiff, show a device contrived for the purpose of concealing a loan and enabling him to exact a greater profit than 6 per cent. for the use of his money. The defendant made an application to the plaintiff for a loan of money. He had no security to give except his wages, and the plaintiff advanced the amount applied for upon the condition that the defendant should repay it, and $65 in addition, out of the moneys to be received by him for services rendered. In this, as in every other case, where the question of usury is raised, the transaction must be judged by its real character, rather than by the form and color which the parties have seen fit to give it. There can be no doubt, from all the facts and circumstances of this case, that the substance and effect of the transaction was not a bona fide sale of wages, but a borrowing on the one side and a lending on the other at a greater rate of interest than that allowed by law.

My conclusion, therefore, is that the defendant was not liable for conversion upon failing to pay over the moneys to the plaintiff, and that the judgment appealed from should be reversed on law and facts, and a new trial granted, with costs to the appellant to abide the event. All concur, except CHESTER, J., not voting, not being a member of the court when the decision was handed down.