THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIZABETH K. DeLANEY, Respondent, *v.* MOUNT ST. JOSEPH'S ACADEMY OF BUFFALO, N. Y., Appellant.

Fourth Department, October 19, 1921.

Appeal — exceptions on trial before court without jury unnecessary where certificate appears in record that case contains all evidence — motion for reargument on ground that Appellate Division failed to review facts denied where neither certificate nor exceptions appear — when leave to appeal to Court of Appeals will be granted — questions need not be certified on appeal from final order.

On a trial before the court without a jury, exceptions are not strictly necessary in order that the questions of fact be reviewed, if there is a certificate in the record that the case contains all the evidence.

Hence, where the stipulation in lieu of a certificate does not contain that positive averment, and no exceptions to any of the findings as made or

the refusal to find as requested appear, a motion for reargument on the ground that the Appellate Division failed to review the facts will be denied, especially where the facts were examined fully on the original argument and there was discovered no reason to disapprove the findings or to overrule the discretion exercised by the judge who tried the case and had the parties before him.

However, the order will be amended, for the sake of clarity, to state that upon examination of the evidence the court held that there was sufficient evidence to support the findings of the court at Special Term and that the order at Special Term is approved both on the facts and on the law.

The question involved as to the right of a father not separated from his wife, but living in a home with her, to take their children away from the home against her consent, is a novel one and of sufficient public interest to be reviewed by the Court of Appeals, and leave to appeal is granted.

On appeal to the Court of Appeals from a final order of the Appellate Division questions need not be certified.

MOTION for reargument of an appeal by the defendant, Mount St. Joseph's Academy of Buffalo, N. Y., from an order of the Supreme Court, made at the Chautauqua Special Term and entered in the office of the clerk of the county of Chautauqua on the 14th day of March, 1921, remanding to the joint custody of the relator and her husband their three children, and for leave to appeal to the Court of Appeals.

*Palmer & Rowe* [*Nelson J. Palmer* and *James O. Moore* of counsel], for the appellant, for the motion.

*William S. Stearns*, for the respondent, opposed.

DAVIS, J.:

If the language we used in making our decision in this case when it was originally before us (198 App. Div. 75) was not clear to appellant's counsel, it may not be understood by others, and we will, therefore, state again just what we attempted to decide.

On the hearing before the court at Special Term, requests to find were made by the counsel representing the appellant here. The material facts as requested were found by the court with the exception of the request to find that the relator was neglectful of her children and failed to discipline them properly, and to exercise care and authority over them — which was disallowed. No exceptions to any of the findings

were made, and were not strictly necessary in order that the questions of fact be reviewed here, if the case has a certificate that it contains all the evidence.   (Code Civ. Proc. §§ 992, 993; *Wilmarth* v. *Heine*, 137 App. Div. 526.)

The stipulation in lieu of a certificate does not contain that positive averment.  Exceptions would at least have shown the defendant's dissatisfaction with the findings as made or the refusal to find as requested.  The only question involved on the hearing was that stated by the justice there presiding, in his opinion, to wit: " The right of a father not separated from his wife but living in a home with her to take his children away from the home against her consent."

That was the only question presented and argued in this court.  The two points in appellant's brief bore directly on that question, asserting the paramount right of the father to the custody of the children, and the absolute control of their secular and religious education.  There was no controversy over the facts; the argument of counsel was directed entirely to the legal question decided below, and reviewed and affirmed here.

The appellant's counsel now complain that we did not review the facts.  We had examined the facts fully, and noting that there was no dispute about them and that there was evidence to sustain the findings made at Special Term, we discovered no reason to disapprove the findings or to overrule the discretion exercised by the judge who tried the case and had the parties before him.  (*Osterhoudt* v. *Osterhoudt*, 48 App. Div. 74, 78.)  In view of the apparent agreement of counsel that there was only a legal question in controversy, we did not deem it necessary to make any further discussion of the facts than was essential to make clear the legal question to be determined.

The motion for reargument must be denied, but for the sake of clarity of the record, the order heretofore entered should be amended to state that upon examination of the evidence we hold that there is sufficient evidence to support the findings made by the court at Special Term, and that the order is affirmed both on the facts and on the law.

I think, however, that the question of law involved is novel and is of sufficient public interest so that it ought to be

reviewed by the Court of Appeals, and the motion for leave to appeal should be granted.

As this is an appeal from a final order, no questions need be certified. (*Matter of Dolbeer,* 226 N. Y. 623.)

All concur.

Motion for reargument denied. Order entered July 1, 1921, amended so as to state that the affirmance is made upon the law and the facts. Motion for leave to appeal to Court of Appeals granted.