### MORRIS vs. VAN VOAST.

The statute limiting actions against sheriffs and coroners to three years, upon a liability for an official act or the omission of official duty, does not extend to acts done *colore officii*.

In justifying the taking of property by a sheriff under a writ of replevin, it must be averred that a bond for the return of the property was delivered with the writ to the officer.

DEMURRER to plea. The plaintiff declared in *trespass* for the taking of a quantity of iron ore, the property of the plaintiff. The suit was commenced in December, 1835. The defendant pleaded that on the 20th May, 1831, he *in his* official capacity as sheriff of the county of Schenectady, took the property by virtue of a writ of replevin sued out by one De Witt against Morris (the now plaintiff) and another person, and that with the writ, was delivered to him an affidavit of property made by De Witt; which taking he alleged to be the same trespass complained of, and *wherefore*, he said he was not guilty, &c. at any time within three years before the commencement of the suit, concluding with a verification and prayer of judgment. The plaintiff *demurred*, and assigned as special cause of demurrer, that it was not averred in the plea, that a *bond* for the return of the property, if the return should be adjudged, had been executed and delivered to the sheriff at the time of the delivery to him of the writ of replevin.

*R. W. Peckham*, for plaintiff.

*J. Holmes*, for the defendant.

*By the Court*, NELSON, C. J. The plea is defective in two respects: 1. In omitting to set forth the execution of the bond to the sheriff in pursuance of the 2d sub. of the 7 §, 2 R. S. 523; and 2. The limitation of actions against sheriffs, § 22, 2 R. S. 296, has no application to the case.

The seventh section provides in positive terms, that the writ (of replevin) shall not be executed in any case unless,

1. The *affidavit* therein prescribed, be made and delivered with the writ; and 2. That a bond for the return of the property be executed and delivered to the sheriff. The eighth section declares, that upon the receipt of the *writ* and of the *affidavit* and *bond*, the sheriff shall forthwith proceed to execute the writ, &c. The bond was intended to guard the rights of persons in possession of property, and is therefore made an indispensable prerequisite in all cases to the execution of the writ. See Reviser's note to sec. also, 12 Wendell, 194, and Wend. Dig. 575. The sheriff is bound to return the affidavit and names of the sureties, &c. with the writ, § 20; the defendant may except to the sufficiency of the sureties, § 28; and afterwards the officer is discharged from all liability for their sufficiency, &c. § 32, 33.

By the 2 R. S. 296, § 22, " all actions against sheriffs and coroners, upon any liability incurred by them, by the doing any act in their official capacity, or by the omission of any official duty, (except for escapes,) shall be brought within three years after the cause of action shall have accrued." This is a new provision, and was designed to relieve the sureties of sheriffs by requiring suits to be speedily brought where they stood responsible for these officers. See Reviser's note to sec. 3 R. S. 702, and in terms as well as intent, applies only to cases of official liability, such as enables the aggrieved party to resort to the official bond. If the defendant is guilty of a *trespass*, (and unless he is, the plaintiff must fail in the suit,) he cannot maintain that the liability in the cause was incurred by doing an act in his official character. It may have been done *colore*, but not *virtute officii*. 2 Esp. R. 540, (k.) Blanch. on Limitations, 198.

The principle of the act of Geo. 2, c. 44, s. 8, has never been enacted in this state as I can find. It provided that no action should be brought against a justice of the peace for any thing done in the execution of his office, or against any constable or other officer acting by his orders, unless commenced within six months, &c. This act has been very liberally expounded by the courts in behalf of the offi-

cers named; but even under it they are not protected where <span>NEW-YORK,</span> they clearly act without authority, and especially if they must <span>May, 1838.</span> have known it. 2 Esp. R. 540, (*n.*) 9 East, 364. 5 Id. <span>Fidler</span> 233. 2 Maule & Sel. 580. 4 Barn. & Cress. 269, 330. <span>v.</span> Blanch. on Limitations, 195, 200. <span>Cooper.</span>

Judgment for plaintiff.