## STATE v. BEASOM.

If a *protestando* in pleading be inconsistent or repugnant, it will be rejected as surplusage; its design being merely to preserve the rights of the party in some other suit or proceeding.

In giving a construction to an indictment or other pleading, the obvious purpose of the pleader should have influence in the collocation of the sentences, and a term used may be referred to that antecedent which accords with the general tenor of the proceeding, whether it conforms to strict grammatical rules or not.

An indictment for obstructing an officer in the service of legal process must expressly allege such process to be legal, or so describe it that it shall appear to be so; and an allegation that the sheriff was "in the due and lawful execution of his office" is not sufficient.

So, when the process was a writ of replevin, the indictment should state that the bond required by law before the service thereof had been given.

THIS is an indictment, of which the following is a copy : "STATE OF NEW-HAMPSHIRE, Hillsborough ss. At the trial term of the Supreme Judicial Court, holden at Amherst, within and for the county of Hillsborough aforesaid, on the first Tuesday of September, in the year of our Lord one thousand eight hundred and fifty-nine, the grand jurors for the State of New-Hampshire upon their oath present, that William D. Beasom and Elbridge G. Reed, both of Nashua, in the county of Hillsborough aforesaid, yeomen, on the seventh day of July, in the year of our Lord one thousand eight hundred and fifty-nine, at Nashua, in the county of Hillsborough aforesaid, with force and arms, did forcibly, wilfully, knowingly and unlawfully obstruct, oppose and hinder one Charles P. Danforth, then and there being a sheriff within and for the county of Hillsborough aforesaid, duly and legally appointed and duly and legally qualified and authorized to discharge the duties of said office, and the said Danforth, the said sheriff, being then and there in the due and lawful execution of his said office of sheriff,

in the service and execution of a certain writ of replevin in a civil case, and him, the said Danforth, did then and there forcibly, wilfully, knowingly and unlawfully obstruct, oppose and hinder, to the great damage of the said Danforth, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

" And the grand jurors for the State of New-Hampshire aforesaid, upon their oath aforesaid, do further present, that said William D. Beasom and Elbridge G. Reed, both of Nashua, in the county of Hillsborough aforesaid, yeomen, on the seventh day of July, in the year of our Lord one thousand eight hundred and fifty-nine, at Nashua, in the county of Hillsborough aforesaid, with force and arms did wilfully, unlawfully, knowingly and forcibly obstruct, oppose and hinder one Charles P. Danforth, then and there being a sheriff within and for the county of Hillsborough aforesaid, duly and legally appointed, and duly and legally qualified and authorized to discharge the duties of said office, and the said Danforth, the said sheriff, being then and there in the due and lawful execution of his said office of sheriff aforesaid, in the service and execution of a certain writ of replevin, which said writ of replevin is as follows, to wit:

" THE STATE OF NEW–HAMPSHIRE, Hillsborough ss. To the sheriff of any county or his deputy :

" We command you to replevy a lot of hay on the Dearborn land, in Nashua, in said county, being on south side of Hollis road, and in the barn of one Elbridge G. Reed, on the south side of Prospect street, in said Nashua, belonging to Harriet Moore, of Nashua, in said county, widow, wrongfully taken and detained, as it is said, by William D. Beasom and George McQueston, both of same Nashua, Esquires, and Elbridge G. Reed, of the same Nashua, Esquire, and deliver the same to the said Harriet

Moore, provided she give bond to the value of fifty dollars, with sufficient sureties, to prosecute her replevin at the Court of Common Pleas to be holden at Manchester, in the county of Hillsborough, on the first Tuesday of November next, and so from court to court until the cause be ended, and to pay such costs and damages as the said Beasom, McQueston and Reed shall recover against her. And we command you to summon the said Beasom, McQueston and Reed (if to be found in your precinct) to appear before the court aforesaid, at the time and place aforesaid, to answer to the said Harriet Moore, in a plea of replevin, for that the said Beasom, McQueston and Reed heretofore, to wit, on the seventh day of July, A. D. 1859, at said Nashua, in said county, in a certain close then called the Dearborn land, in said Nashua, on the south side of Hollis road, took a lot of hay, appraised of the value of twenty-five dollars, and unjustly detained the same on said lot, and in the barn of said Reed, on his premises; to the damage of the said plaintiff, as she says, the sum of fifty dollars, and make return of this writ with your doings therein. Witness, Jonathan Kittredge, Esquire, the seventh day of July, A. D. 1859.

E. S. CUTTER, Clerk."

"And him, the said Danforth, did then and there wilfully, knowingly, unlawfully and forcibly obstruct, oppose and hinder, to the great damage of the said Danforth, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

To this indictment the defendants filed the following demurrer: "And the said Beasom and Reed come, &c., when, &c., and protesting that the charges and allegations in the indictment are not true, as alleged against them, say that the said indictment is insufficient in law, and that they are in no way bound to answer the same, and for causes of demurrer assign the following: because (1.) It

is not alleged in said indictment that the officer was obstructed in the service of the process named in said indictment; (2.) It is not alleged that the same was lawful process; (3.) It is not alleged that the writ was indorsed before the service of the same; (4.) It is not alleged that a bond, as required by statute, was executed to the sheriff of the county before the service of the writ was commenced; (5.) It is not alleged by what court or authority the writ was issued, or when or where returnable; (6.) The indictment is argumentative and in other respects insufficient."

*Morrison & Nutt,* for the respondents.

(1.) The *protestando* is either useful and proper, or else it is mere surplusage, and there can be no demurrer to a demurrer. Whar. Cr. Law 187; 1 Ch. Pl. 617, 665. (2.) It is not enough that the officer was obstructed when he was in the service of the replevin writ. The obstruction must have existed as to that process. Comp. Stat. 556. It does not appear, even by implication, that he was thus obstructed. The mode of obstruction is not stated, and perhaps it need not be. But actual force is not essential. It is enough if force is threatened by a person having the means of using it. *United States* v. *Morrow and Lowry,* 2 Wash. C. C. 169; Ch. Cr. Law 147. It is clearly supposable that the officer may, when obstructed, also have been in the service of other precepts. *Commonwealth* v. *Tracy,* 5 Met. 536; *Brackett* v. *Whidden,* 3 N. H. 20. And since the mode of obstruction is not stated, and since it might have been by threats against the execution of other precepts, all the allegations in the indictment may be true, and yet the officer not have been obstructed in the service of the particular process in question. At any rate there is, at the best, only an argumentative statement of essential matters. But every material averment must be made in direct and positive terms, and nothing is to be

left to implication. Hawk. P. C., ch. 25, sec. 60 ; 1 Ch. Cr. Law 228 ; *State* v. *Abbott,* 31 N. H. 439. (3.) It may well be doubted whether the word "lawful," which is used in the statute, is not so far descriptive of the offence that no other word can be substituted for it. 31 N. H. 439 ; Whar. Cr. Law 132. However this may be, unquestionably the indictment must either state that the process which was obstructed was "lawful," or so describe it as to show it to be so. Whar. Cr. Law 469 ; *State* v. *Scammon,* 22 N. H. 44 ; 2 Ch. Cr. Law 144, note ; 1 Ch. Cr. Law 228 ; Arch. Cr. Pl. 290 ; Foster P. C. 311 ; 1 Hale 457 ; 1 Russ. Cr. 618, note ; *Cantrill* v. *People,* 3 Gilm. 356. (4.) The indictment does not allege that the process was lawful, nor so describe it as to show that it was lawful for the purpose for which it was used. In this respect it is defective for the causes assigned. Comp. Stat. 465, sec. 17 ; *Pettengill* v. *McGregor,* 12 N. H. 179 ; Comp. Stat. 520, sec. 5 ; 464, sec. 14 ; *Pirani* v. *Borden,* 5 Pike 81 ; *Pool* v. *Loomis,* 5 Pike 110 ; *Baldwin* v. *Whittier,* 4 Shep. 33 ; *Smith* v. *McFall,* 18 Wend. 283 ; *Morris* v. *Van Voast,* 19 Wend. 283 ; U. S. Dig., Supplement, 701 ; *State* v. *Stephens,* 14 Ark. 264 ; U. S. Dig. 1855, 482 ; Comp. Stat. 462, sec. 2.

*A. F. Stevens,* Solicitor, for the State.

1. The indictment contains, in substance, the language of the statute on which it is based, and alleges with certainty all essentials, namely, (1.) The obstruction ; (2.) The official character of the sheriff, and his due and lawful authority to exercise the office ; (3.) That at the time of the obstruction he was in the due and lawful execution of his said office, and of the service of a writ in a civil case.

2. The omission of the word "lawful" is immaterial. The phrase, "a certain writ of replevin in a civil case," in the first count, and the recital of the process in the

second count, are quite as certain as, and are equivalent to, "lawful process."

3. The indictment states the obstruction to have been forcible, and this means unlawful violence. 1 Bouv. Law Dict. 535, "Force."

BELLOWS, J. The *protestando* is wholly unavailable in the present proceeding, and the fact protested against is admitted, just the same as if there had been no such protestation. The only purpose is to preserve the liberty of disputing the fact protested against in some other suit or proceeding, and such being the intent, it is held that even if the protestation be repugnant or inconsistent, it will merely be rejected as surplusage. 1 Ch. Pl. 617; 3 Ch. Pl. 1156; Com. Dig., Pl. N., Protestation; 2 Saund. 103, note; 2 Ch. Pl. 91. Beside, the demurrer, although informal, will be received as such, there being no demurrer to a demurrer. 1 Ch. Pl. 666.

The first count alleges that at a day and place named, the respondents, with force and arms, did wilfully obstruct Charles P. Danforth, sheriff, &c., duly appointed and qualified, and being then and there in the due and lawful execution of his office, in the service of a certain writ of replevin in a civil case—*contra formam statuti.* It is argued by the defendants' counsel that the term, "in the service of a certain writ of replevin," is but a specification of the general statement immediately preceding, namely, that he was "in the due and lawful execution of his office of sheriff." But to say nothing of the pause immediately after the word sheriff, we think this is not the true reading. On the contrary, the structure of the whole paragraph accords with the description of the offence in the act, and pursues the same order; stating the obstruction, the name of the officer, the office he holds; that he was duly qualified and authorized, and in the execution of his office, and then states in the service of what pro-

cess he was obstructed. Instances are very numerous in pleading, both in civil and criminal cases, where the collocation of the sentences will be influenced by the obvious purpose of the pleader. By regarding the terms, "in the service of a certain writ of replevin in a civil case," as setting forth in what act the officer was obstructed, the arrangement of the sentences, as well as the language in general, conforms to the statute, and there is nothing, we think, that calls for a different construction.

In *Commonwealth* v. *Call*, 21 Pick. 515, it was held by *Morton*, J., that the pronoun "their," in the indictment, must be referred to that antecedent to which the tenor of the instrument and the principles of law require it should relate, "whether exactly according to the rules of syntax or not."

But a more important inquiry arises, and that is, whether the indictment shows with sufficient certainty that the process was legal; that being expressly made essential by the statute to constitute the offence. The general rule is, that indictments upon statutes must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it; 1 Ch. Cr. Law 232, 281; and the rule is recognized in *State* v. *Gove*, 34 N. H. 515, and *State* v. *McKenzie*, 42 Me. 592. The omission of any fact necessary to constitute the offence, will be fatal. Whar. Cr. Law 117. It must state the process to be legal, or so describe it that it shall appear to be so. Whar. Cr. Law 469; 2 Ch. Cr. Law 70.

In this case the words of the statute are descriptive of the offence, and the indictment should expressly charge the facts which constitute it, and nothing is to be taken by argument or inference. It is to be construed strictly, and should by positive averment show the offence committed. Whar. Cr. Law 132; *State* v. *Abbott*, 21 N. H. 439, 440, and cases cited. Upon these principles the first count must be held bad, unless the allegation that the

sheriff was in the due and lawful execution of his office can be regarded as a substantial statement that the process was legal. Independent of the case of *State* v. *Scammon*, 22 N. H. 44, the weight of authority is against such a construction, and since that case the law must be regarded as settled in New-Hampshire. That was an indictment for obstructing a collector of taxes while in the execution of his warrant in another town. It was held, by *Perley*, J., that the facts must be stated in the indictment which confer the authority to act beyond the limits of his own town, and that the general allegation that he was in the due and lawful execution of his office, is not sufficient; and this, we think, is decisive here. Arch. Cr. Pl. 452; *Rex* v. *Everett*, 8 B. & Cr. 114; *Rex* v. *Osmer*, 5 East 304. Also, *State* v. *Hailey*, 2 Strob. 73; 9 U. S. Dig. 41, sec. 15; *Cantrill* v. *The People*, 3 Gilm. 356.

The second count is similar to the first, except it sets out the writ of replevin, stating that " said writ of replevin is as follows, to wit." It does not state, however, that the writ was duly issued out of the Court of Common Pleas, or that the bond required by law to be given by the plaintiff, " before the service thereof," had been given; and we are inclined to hold that the process is not so described that the court can see that it was legal. In *Baldwin* v. *Moulton*, 4 Shep. 33, which was trover for goods taken by virtue of a writ of replevin, it was held that no valid bond having been given before service, the process afforded the officer no protection. So, in *Smith* v. *McFall*, 18 Wend. 521, it was held that in a justification by a sheriff, under a writ of replevin, it must be averred that a bond for the return of the property was delivered to the officer with the writ. See, also, *Moses* v. *Van Voast*, 19 Wend. 283. So, in *Kendall* v. *Fitts*, 22 N. H. 1, it is said by *Eastman*, J., that the bond is required by statute, and must be furnished before the writ is served, and this accords with the writ itself, which requires the sheriff to replevy, &c., provided the

plaintiff give bond. According, then, to the *State* v. *Scammon*, the indictment should show the facts necessary to authorize the officer to execute the writ, and the allegation that he was in the lawful execution of his office, is not sufficient. The want of an allegation that the writ was indorsed, may, perhaps, be distinguished from the case of the bond, inasmuch as on its face the writ is not to be executed until the bond is furnished; but on this point we give no opinion, as the case does not require it.

Upon these views we hold both counts to be defective. There must, therefore, be

*Judgment for the respondents.*