ALEXANDER CUMMING, et al., Executors, etc., of STEPHEN VAN SCHOYCK, deceased, Respondent, v. MATTHEW P. BROWN, Appellant.

A deputy sheriff is as much entitled, in respect to liabilities incurred by doing an act in his official capacity, to the protection of the three years' statute of limitations contained in subdivision 1 of section 92 of the Code, as the sheriff.

The seizure by the sheriff under an attachment, of property supposed to be that of the debtor, is "an act in his official capacity" within the meaning of that section of the Code, and an action for conversion against him by a third person claiming the property to be his, and not the debtor's, must be brought within three years.

(Argued January 19; decided January 24, 1871.)

APPEAL by the defendant from a judgment of the late General Term of the Supreme Court, in the sixth judicial district, affirming an affirmance by the Delaware County Court of a judgment for the plaintiffs in justices' court, in the town of Walton, in that county. The defendant obtained leave of the General Term to bring this appeal.

The action was for wrongful taking and conversion of a certain black horse, which the plaintiffs alleged was the property of their testator, Stephen Van Schoyck.

The defendant answered, among other things, justifying the seizure on the ground that he was at the time deputy sheriff, and had, as such, an attachment against the property of John T. Van Schoyck, under which he took the horse. He also alleged that more than three years had elapsed since the alleged taking, which was an official act.

That the defendant was at the time deputy sheriff, and had an attachment against the property of John T. Van Schoyck,

and that he took the horse under the attachment as the property of the said John, were agreed upon by the parties at the trial. It was also admitted that the horse was in the possession of Joseph at the time of its seizure by the defendant; that it had been but a short time peviously the property of John. Evidence was introduced on the part of the plaintiff, tending to show title by transfer in Joseph at the time when the attachment was levied.

It was also admitted that the horse was seized on the 26th of August, 1861. Stephen Van Schoyck, the testator, died July 20th, 1863, and the plaintiff received letters testamentary August 14th, 1863; that the action was commenced September 10th, 1864.

The plaintiff had judgment for the value of the horse in the Justices' Court, which has been affirmed in the other courts on the ground that the short statute did not apply to the defendant.

*T. More*, for the appellant, cited *People* v. *Schuyler* (4 Comst., 173); *Dennison* v. *Plumb* (18 Barb., 89); *Colvin* v. *Holbrook* (2 Comst., 128); *Hull* v. *Southworth* (5 Wend., 265); 1 Den., 329; 11 Barb., 90.

*Alexander Cumming*, for the respondents.

RAPALLO, J. A deputy sheriff is entitled, in respect to liabilities incurred by the doing of an act in his official capacity, to the protection of the short statute of limitations contained in subdivision 1 of section 92 of the Code.

He is a public officer required by statute to take an oath of office (1 Stat. at Large, 352, § 74), and comes under the general denomination of "a sheriff," and can claim the benefit of statutes regulating actions against sheriffs.

The taking by a deputy sheriff, by virtue of an attachment, of property supposed to be the property of the debtor, and the sale of that property under execution, to satisfy the judgment in the action, are official acts, and if it turns out that

the property did not belong to the debtor, and that the deputy sheriff has thereby incurred a liability to the true owner, it is a liability incurred by the doing of an official act.

In the case of a sheriff, it was formerly held by the Supreme Court, that such an act being a trespass it was not official, and that in such a case the sheriff could not avail himself of the short statute of limitations. (19 Wend., 283 ; 4 Hill, 572.) That the statute only covered cases in which the party injured could resort to the official bond of the officer, and that the sureties would not be liable for a trespass committed by him. But it was afterward held by this court in *The People* v. *Schuyler* (4 Comst., 173), that such an act was official, and that the sheriff's sureties were liable therefor. (See also 18 Barb., 89.)

The act being official when done by the sheriff, it must be equally so when done by a deputy sheriff. In both cases the officer is assuming to perform the duties of his office, and if in point of fact he makes a mistake, and seizes the property of the wrong person, there is no reason why that circumstance should deprive the act of its official character in the case of a deputy sheriff, if it does not have that effect in the case of a sheriff.

The judgment should be reversed, with costs.

All the judges concurring, judgment reversed.