### BERNARD v. BOWE.

*(Circuit Court, S. D. New York. December 30, 1889.)*

SHERIFFS—WRONGFUL DELIVERY OF ATTACHED PROPERTY—LIMITATION OF ACTIONS.
　　Under Code Civil Proc. N. Y. § 385, which provides that actions must be brought within one year after the cause of action accrues against a sheriff or coroner, upon a liability incurred by him by doing an act in his official capacity, or by the omission of an official duty, except the non-payment of money collected upon an execution, an action against a sheriff for wrongfully delivering plaintiff's property to a third person, after the attachment suit in which the sheriff had seized the property had been dismissed, must be brought within one year.

At Law.　On demurrer.
*Edward C. Perkins,* for complainant.
*Charles F. McLean,* for defendant.

WALLACE, J.　The complaint in this action avers that the defendant was sheriff of the city and county of New York from the 1st of January, 1880, to the 31st of December, 1882; that in 1882, in an action brought by the king of the Belgians against the plaintiff, a warrant of attachment was issued to the defendant, as sheriff, against the property of the plaintiff, and by virtue thereof the defendant seized certain property belonging to the plaintiff; that in 1883 the action was discontinued, and the warrant of attachment annulled; and that thereafter the defendant, without right, delivered the property to one Bourgeois, who had no right or authority from the plaintiff to receive the same.　By reason of the premises the plaintiff alleges he sustained damages in the sum of $600,000. The defendant, among other defenses, alleges that the cause of action stated in the complaint did not accrue within one year before the commencement of the action.　This defense is founded upon the provisions of section 385 of the Code of Civil Procedure of this state, which provides that an action must be commenced within one year after the cause of action has accrued "against a sheriff or coroner, upon a liability incurred by him by doing an act in his official capacity, or by the omission of an official duty, except the non-payment of money collected upon an execution."　To this defense the plaintiff has demurred.

Unless the acts set forth in the complaint were done by the defendant *colore officii,* all the averments respecting his official character, and the particular circumstances under which he took the plaintiff's property and parted with it, are of no significance, and the simple averment of a wrongful taking and conversion of the property by the defendant would have sufficed.　He is charged with delivering property of the plaintiff, which he rightfully seized as sheriff by the warrant of attachment, to a third person, who had no authority to receive it.　His duty was, when the suit was discontinued and the warrant annulled, to deliver the property to the plaintiff, or "to the person entitled thereto, upon reasonable demand, and upon payment of all costs, charges," etc., and "file the warrant, with a return of his proceedings thereon, with the clerk" of the

proper court. Code Civil Proc. §§ 694, 709, 712. This was his duty, notwithstanding his term of office had expired before the warrant was annulled. Id. § 186. If it is true, as the complaint implies, that he assumed to be acting in execution of his authority in delivering the property to Bourgeois, he is clearly entitled to the protection of the statute, because it is intended to apply as a defense to the acts of a sheriff done *colore officii* as well as *virtute officii.* The section in question of the Code is a re-enactment of the provisions of pre-existing statutes which were passed in order to relieve the sureties of sheriffs on their official bonds, by requiring suits to be speedily brought where they stood responsible for such officers. In 1850 the state court of last resort decided that such sureties were liable to one whose property had been seized on execution against another person by a sheriff, and held that, although the sheriff could not justify under his process, his act was an official act, and consequently a default or misconduct in his office, because his unauthorized act was done in assuming to discharge a duty pertaining to his office. Before the present Code was enacted the court of appeals had decided that the statute then existing, which was the same in phraseology as the section in question, except that the time was three years instead of one, protected the sheriff in both classes of acts. *Cumming* v. *Brown,* 43 N. Y. 514. That was a case in which a sheriff was sued for taking property of the plaintiff upon an execution against a different person, and the court held that the act, although a trespass, was official, and the bar of the statute applied to it. The codifiers in repeating the language of pre-existing statutes are presumed to have used it according to its received judicial construction by the courts of the state.

If it should be conceded that the facts alleged in the complaint do not necessarily imply that the defendant, when he delivered the property to Bourgeois, assumed to be acting in an official capacity, there is no allegation that he acted *mala fides,* and, in the absence of facts in the complaint to show that he was guilty of an intentional wrong, it is to be presumed that what he did in making disposition of the property in his official custody was an official act. The proper disposition of the property after the warrant was annulled was as much a part of his official duty as was its safe-keeping after he had taken possession of it under the warrant, or as the payment over of moneys in his hands collected upon an execution would have been. The non-payment of money collected upon execution by the sheriff is treated by the section as an official act, or the omission of an official duty; otherwise the exception would be meaningless which the section expressly mentions; and the non-delivery of property to the person entitled to it is a strictly analogous act, and equally the omission of an official duty, within the meaning of the section. The authorities are overwhelming to the effect that whatever is an attempt to perform an official duty in the execution of process is an official act. *Lammon* v. *Feusier,* 111 U. S. 17, 4 Sup. Ct. Rep. 286, and cases there cited; in addition to which see *Staight* v. *Gee,* 2 Starkie, 448; *Weller* v. *Toke,* 9 East, 364; *Morgan* v. *Palmer,* 2 Barn. & C. 729. The facts alleged in the complaint are certainly consistent with the theory

that when he delivered the property to Bourgeois the defendant acted under a mistake, supposing him to be the representative of the plaintiff. If this is the case to be tried, the answer sets up a good defense. The demurrer is overruled.