NITA DIXON, as Administratrix of the Estate of WILLIAM R. DIXON, Deceased, Respondent, v WILLIAM R. SEYMOUR, Appellant.

Third Department, May 11, 1978

**APPEARANCES OF COUNSEL**

*Hubert D. Miles (Donohue, Bohl, Clayton & Komar P. C.,* by *Myron Komar,* of counsel), for appellant.

*De Graff, Foy, Conway & Holt-Harris (Carroll J. Mealey* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

The complaint seeks the recovery of damages for the wrongful death and conscious pain and suffering of plaintiff's decedent resulting from an automobile accident on August 11, 1973. It is alleged that the defendant Seymour caused the damages by his negligent operation of an automobile. It is undisputed that Seymour was at the time alleged a Deputy Sheriff acting as a police officer on routine criminal patrol.

The order striking the Statute of Limitations defense should be affirmed as a matter of law. Consequently, it is not necessary to reach the question of whether defendant's settlement negotiations constituted an estoppel.

The complaint alleges two causes of action, i.e., the decedent's own action for injury to his person and property which, by statute, survived his death (EPTL 11-3.2, subd [b]) and the wrongful death action of decedent's dependents created by EPTL 5-4.1.

 The one-year limitation has no application to the wrongful death action. Section 201, the first section of CPLR article 2, states that "an action * * * must be commenced within the time specified in this article unless a different time is prescribed by law". Assuming that the one-year limitation of CPLR 215 (which section is in CPLR article 2) would, absent another provision of law, apply to the wrongful death action, such one-year limitation is pre-empted by the two-year limitation stated in EPTL 5-4.1 for actions for wrongful death. The provision of EPTL 5-4.1 constitutes "a different time * * * prescribed by law", within the meaning of CPLR 201 (see *George v County of Erie,* 66 Misc 2d 871, 873 [automobile negligence action against Sheriff held subject to two-year rather than one-year limitation]).

As for the decedent's cause of action, there is no pre-empting special time limitation. It is therefore necessary to decide whether CPLR 215 (subd 1) applies to liability incurred by a Deputy Sheriff for negligence in the operation of his patrol car while on duty. If this section does not apply, then the three-year limitation of CPLR 214 (subd 4) would control.

Assuming that "Sheriff" includes a Deputy Sheriff, the

applicability of CPLR 215 (subd 1) to the action herein depends on whether the action seeks to recover on a liability incurred by the deputy in "doing an act *in his official capacity* or by omission of *an official duty"*. (Emphasis supplied.)

The original version of CPLR 215 (subd 1) which appeared in the statutory revision enacted in 1829, was substantially the same as the current text, except that it allowed three years for suit and did not apply to constables. It provided that: "All actions against sheriffs and coroners, upon any liability incurred by them, by the doing *[sic]* any act in their official capacity, or by the omission of any official duty, except for escapes, shall be brought within three years". (2 Rev Stat, part III, ch IV, tit II, art Second, § 22 [1st ed, 1829].)

The Report of the Revisors to the Legislature states that the section 22 limitation is "[n]ew; proposed in order to relieve the sureties of sheriffs." (New York Revised Statutes, Report of the Revisors, vol IV, part III, ch IV, p 11 [Crosswell & Van Benthuysen Pub, 1829.)*

At the time this new limitation was added in 1828, Sheriffs and Coroners were required to provide a bond "to the people of this state; the condition of which bond shall be [that if the Sheriff] shall well and faithfully in all things perform and execute the office of sheriff * * * without fraud, deceit or oppression, then the * * * obligation [is] void." (1 Rev Stat, part I, ch XII, tit 2, art Fifth, § 76 *et seq.* [1st ed, 1829].)

The special limitation for actions against Sheriffs was incorporated into the Code of Procedure (Field Code) as subdivision 1 of section 72 with certain changes, including the addition of the phrase "in virtue of his office", which addition is the change most important for our purposes. The Code of Procedure provided a three-year limitation for an action against a Sheriff, "upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty". The commissioners' report to the Legislature explained that section 72 was intended to continue the limitation for actions against Sheriffs found in the Revised Statutes except that the "provision having been * * * the subject of frequent construction, it is so altered, in the above proposed subdivision, as to contain the rule not merely as

---

* There are a limited number of copies of the "Report of the Revisors" available, but their notes have been included in the appendix to the 1836 edition of the Revised Statutes. The original note of the Revisors referred to above can be found in 3 Rev Stat (p 702 [2d ed 1836]).

prescribed by the legislature, but as settled by judicial construction. The words, 'and by virtue of their office', are introduced in conformity to the construction given to the provision of the Revised Statutes, by the case of *Norris v. Van Voast,* 19 Wend. 284; in which it was held not to apply to an action of trespass, against a sheriff, for an alleged wrongful taking of personal property, which he justified under a writ of replevin. The provision was, for the first time, enacted in the Revised Statutes, and was designed to relieve the sureties of sheriffs, by requiring suits to be speedily brought, where they stood responsible for those officers [citation omitted] and in terms, as well as in intent, was held by the supreme court, in the case referred to, to apply only to cases of official liability, such as enabled the party aggrieved to resort to the official bond; or, in other words, to acts done *by virtue,* and not *by color* of office. The same distinction was also sustained in *Ex parte Reed,* 4 Hill, 572, 573."

The limitation period was reduced to one year in 1871 (L 1871, ch 733, § 2) and took its exact present form in 1877 when it was written into the Code of Civil Procedure (L 1877, ch 416, § 385, subd 1). The reason for dropping the phrase "in virtue of his office" was explained by one of the commissioners who aided in preparing the 1877 code—"These words were inserted in the statute, in the year 1848, upon the recommendation of the commissioners on practice and pleadings, who say * * * that the provision of the R.S. to which the above subd. 1 corresponds, was passed for the protection of sureties of sheriffs, by requiring suits to be speedily brought, where they stood responsible for such officers; but the supreme court has held, in *Morris v. Van Voast,* 19 Wend., 283, and in *Ex parte Reed,* 4 Hill, 572, that where a sheriff, holding a writ against one person, took the property of another, it was a trespass *under color* of office, and not an act done *by virtue* of his office; and hence that, in such a case, his sureties were not liable. It was, therefore, deemed proper, by the commissioners and the legislature, to restrict the statutory limitation to cases where the sheriff acted 'by virtue of his office.' But, after the Code of Procedure was enacted, the court of appeals held, in *The People v. Schuyler,* 4 Comst., 173 (A. D., 1850), that the taking of property, under the circumstances just mentioned, is an act of *official misconduct,* and consequently a breach of the sheriff's bond for the faithful performance of the duties of his office, which renders the sureties liable in damages. [The

'virtue of his office' phrase has therefore been dropped to make the limitation period extend fully to the sureties' liability.]" (The Code of Civil Procedure, with notes by Montgomery Throop, p 158 [Weed, Parsons and Co., 1877 (Albany)].)

■ Thus it is clear that the liability to which the one-year limitation of CPLR 215 (subd 1) applied was meant to be coextensive with the liability required by law to be bonded against.

The form of the bond is now specified by subdivision 1 of section 11 of the Public Officers Law. The bond must be to the effect that the Sheriff "will faithfully discharge the duties of his office and promptly account for and pay over all moneys or property received by him as such officer, in accordance with law". This form of bond certainly encompasses no greater liabilities than the original form quoted earlier from the Revised Statutes. Under that old form as well as the current one the Sheriff was required to "faithfully in all things perform and execute the office of sheriff". Under both forms of bond the sureties' liability has not been extended beyond liability for nonfeasance or malfeasance of duties imposed upon the bonded officer *by his office.*

In *People v Schuyler* (4 NY 173) the Court of Appeals held that the Sheriff and his sureties (on the official bond) were liable for a trespass committed by the Sheriff in taking the goods of the plaintiff rather than the goods against which a valid execution had been issued. The court disapproved the holding of *Matter of Reed* (4 Hill 572) which, as described by the revisors of the 1848 and 1877 procedure codes, had attempted to distinguish between acts done by the Sheriff in virtue of his office from those done under color of office. The court in *Reed* had concluded that no law authorized erroneous execution and therefore the Sheriff's trespass was outside the scope of the official bond. The court, noting that this reasoning would lead to the absurd result of the sureties never being liable on their bond *(People v Schuyler, supra,* p 180), held (p 183) that "the [erroneous execution was] a misapplication by the sheriff of the authority of his office, for which his sureties are responsible."

This implies that a breach of a duty imposed by something other than his office would not be the responsibility of the sureties. As the Court of Appeals said in a relatively recent case, the Sheriff's bond: "protects against *malfeasance* or *nonfeasance* of the officer as to the parties in behalf of whom

or against whom he has process to execute [citations omitted] and against his *malfeasance* or *misfeasance* as to the third parties with whose property or rights he unlawfully interferes [citations omitted]; in both cases only while acting within the scope of his official duties and performing ministerial functions, or while performing judicial functions". *(Eckstein v Massachusetts Bonding & Ins. Co.,* 281 NY 435, 438-439.)

■ The alleged negligent operation of the motor vehicle was not a "ministerial" or "judicial" function. The deputy's negligence would give rise to liability not because it would be a violation of his duties as a deputy, but because it would violate the duty of reasonable care assumed by everyone who operates an automobile on the highway.

The order should be affirmed, without costs.

HERLIHY, J. (concurring in part and dissenting in part). The defendant in his answer pleaded the one-year Statute of Limitations contained in CPLR 215 which provides, in pertinent part, as follows:

"The following actions shall be commenced within one year:

"1. an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty".

Special Term found that although the action was commenced more than one year after the accident, CPLR 215 was not applicable because at the time of the accident the defendant was embarked on *criminal duties* and, accordingly, the Sheriff-employer was not liable and so the short statute was not applicable (see *Isereau v Stone,* 3 AD2d 243, as to nonliability of Sheriff for acts of Deputy Sheriffs engaged in criminal duties).

### I The Personal Injury Cause of Action

We dissent as to the conclusion of the majority that the one-year provision of CPLR 215 applicable to "a sheriff, coroner or constable" does not include a Deputy Sheriff while embarked on criminal duties or that the cause of action for personal injuries is not time-barred.

The plaintiff does not contend that the provisions of CPLR 215 would be inapplicable to the defendant if he had been engaged in civil matters at the time of the accident. However, the question raised in the present posture of the case is not the liability of a Sheriff as employer of Deputy Sheriffs or as

to the county for acts of Deputy Sheriffs as employees or police officers (see, e.g., *Foyster v Tutuska*, 25 AD2d 940).

CPLR 215 expressly limits action as to "a Sheriff" and the question which must be decided is simply whether or not the word "Sheriff" includes "Deputy Sheriffs". To postulate separate periods of limitation based upon whether or not the tortfeasor is engaged in civil or criminal duties would not appear to have been intended by the Legislature in enacting CPLR 215 and such a distinction for purposes of a Statute of Limitations has no discernible benefit for any party based upon public policy.

Accepting the dichotomy set forth in the majority opinion as to the limitation of CPLR 215 being originally intended by the Legislature to be dependent upon the coverage afforded by a Sheriff's surety bond, it is apparent that in the case of *People v Schuyler* (4 NY 173) the court did not accept the theory that liability was restricted to the precise terms of the surety agreement. Further, it should be noted that the plaintiff has not asserted that negligence in the operation of an automobile would not fall within those matters limited to one year by CPLR 215 as to Sheriffs.

The position of the plaintiff and the decision of Special Term impliedly assert that the denomination of "Sheriff" includes Deputy Sheriffs, at least as to civil matters. In the case of *Cumming v Brown* (43 NY 514, 515), the court considered the same issue as is herein presented and stated: "He [Deputy Sheriff] is a public officer required by statute to take an oath of office * * * and comes under the general denomination of 'a sheriff' and can claim the benefits of statutes regulating actions against sheriffs." In both the *Cumming* case and this case the officer was "assuming to perform the duties of his office" (*id.*, at p 516) and there is no basis in the statutory language for distinguishing them because the duties were criminal rather than civil (cf. *Commisso v Meeker*, 8 NY2d 109). This court followed the *Cumming* case as to the liability of a Deputy Sheriff in *Hill v White* (46 App Div 360, 365, affd *sub nom. Hill v Haas*, 170 NY 566). In this case, we held that the provisions of CPLR 215 as to a Sheriff include Deputy Sheriffs whether engaged in civil cases or criminal cases.

The majority opinion extensively quotes from legislative enactments and various memoranda. If the liability of a Sheriff is to be extended beyond the statutory one-year limita-

tion, it is for the Legislature to so state and should not be done by way of judicial construction. As to liability for personal injuries and actions to recover such damages, the Legislature has not made any such extension applicable to the action for personal injuries.

The plaintiff additionally submitted affidavits in support of her motion to dismiss, which set forth negotiations including conversations and discussion with the representatives of defendant prior to commencing the action herein. The affidavits on behalf of defendant contradict the allegations on behalf of plaintiff and it appears that there are sufficient allegations of conduct to raise an issue of waiver or estoppel to assert the Statute of Limitations (cf. *Albino Linoleum & Carpet Serv. v Utica Fire Ins. Co.*, 33 AD2d 638).

## II The Wrongful Death Claim

We concur in the assertion of the majority that as to the cause of action for wrongful death, the applicable Statute of Limitations is two years pursuant to the provisions of EPTL 5-4.1.

While the interaction of the two-year provision for the commencement of wrongful death actions and a Statute of Limitations which purports to limit an action against a class of persons such as Sheriffs, Coroners, or Constables has not been definitively determined by the appellate courts, there has been established a general rule that if a decedent could have brought an action for personal injuries as of the date of death, then his representatives may bring a wrongful death action within an additional two years of death (see *Kelliher v New York Cent. & Hudson Riv. R. R. Co.*, 212 NY 207, 211-213; *Johnson v Stromberg-Carlson Tel. Mfg. Co.*, 250 App Div 352, 355, affd 276 NY 621; see, also, Siegel, New York Practice [1st ed, 1978], § 44, p 46; Peterfreund and McLaughlin, NY Practice, Cases and Other Materials [3d ed, 1973], pp 154-155). Further, it is established that if an action has been timely commenced prior to death and it asserts a claim for damages based upon the tortious causation of personal injuries, a claim for wrongful death subsequently accruing to an administrator or executor may be timely asserted by relation back pursuant to CPLR 203 (subd [e]) *(Caffaro v Trayna, 35 NY2d 245).

Since the trend (at least as considered in the limited fashion hereunder) is acceptance of the wrongful death action as timely commenced if brought within two years after death

and no statutory limitation had yet run when the death occurred, a different result as to Sheriff would be inequitable in the present case.

In summary, the order appealed from should be modified by reinstating the affirmative defense of the Statute of Limitations as to the second cause of action in the complaint (personal injuries) without prejudice to further proceedings as to an estoppel of the defendant to assert the affirmative defense, and as so modified, affirmed.

GREENBLOTT and KANE, JJ., concur with MAHONEY, P. J.; SWEENEY and HERLIHY, JJ., concur in part and dissent in part in an opinion by HERLIHY, J.

Order affirmed, without costs.