OPINION OF THE COURT
Con. G. Cholakis, J.
Plaintiff’s intestate committed suicide on May 4, 1983 while confined in the Schoharie County Jail. This action for wrongful death and for conscious pain and suffering was commenced on June 21,1984. Defendants Stoddard, Flanigan and Hulbert now move to dismiss plaintiff’s complaint alleging that the causes of action, as to them, are time barred by CPLR 215 (1) which reads as follows:
“The following actions shall be commenced within one year:
“1. an action against a sheriff* * * upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the non-payment of money collected upon an execution”.
The quoted section is found in CPLR article 2, and its application is limited by CPLR 201 which states that “[a]n action * * * must be commenced within the time specified in this article unless a different time is prescribed by law” (emphasis supplied).
*273 The commencement of this action for wrongful death is one for which a different time is prescribed by law. EPTL 5-4.1 specifically gives the personal representative of a decedent two years from decedent’s death to commence an action for wrongful death, therefore, that cause of action was timely commenced (Dixon v Seymour, 62 AD2d 444 [3d Dept 1978]).
The cause of action for conscious pain and suffering is one which belonged to the deceased and is not controlled by any law outside CPLR article 2. We must now proceed to determine whether CPLR 215 (1), the one-year Statute of Limitations, or CPLR 214 (5), a three-year Statute of Limitations, applies.
The cause of action for decedent’s conscious pain and suffering is grounded in negligence (plaintiff’s third cause of action). There is no doubt that, had the moving defendants not been a Sheriff and two deputy sheriffs, the three-year Statute of Limitations would apply. It is therefore necessary to decide the meaning of CPLR 215 (1) and whether it serves to reduce the three-year Statute of Limitations for negligence simply because of the official status of the defendants. There seems to be no doubt that if the Sheriff can claim the protection of the one-year Statute of Limitations, his deputies can also do so (Passonno v County of Rensselaer, 87 AD2d 693 [3d Dept 1982]).
According to the submitted papers, it appears that plaintiff’s intestate was remanded to the custody of the Schoharie County Sheriff when he could not post bail after an appearance before a Town Justice of the Town of Sharon. Pursuant to said remand, the Sheriff properly confined the prisoner in the county jail to await his next court appearance (Correction Law § 500-a [2]). During said confinement the Sheriff, by statute, had custody of the county jail and was legally responsible for the prisoner’s safekeeping (Correction Law § 500-c). It is this responsibility for safekeeping that plaintiff alleges was not properly fulfilled by the Sheriff and his deputies and provides the groundwork for the conscious pain and suffering cause of action. This appears to come squarely within CPLR 215 (1) since the injury complained of is alleged to have resulted from the omission of an official duty.
Plaintiff relies, principally, upon Dixon v Seymour (62 AD2d 444, supra) for his position that the three-year Statute of Limitations and not the one-year Statute of Limitations controls.
The Dixon case speaks, at length, of the protection given a Sheriff by CPLR 215 (1) being coextensive with the liability of his sureties under his official bond. Its final holding, however, that the three-year Statute of Limitations applied in that case, *274 was based on the fact that the negligent act of driving a motor vehicle, allegedly committed by the deputy sheriff, was not an act that could only be committed by one in the course of official duties, but could be committed by anyone driving a motor vehicle.
Under the facts of this case, only a Sheriff could confine plaintiff’s intestate and only a Sheriff was charged with his safekeeping. To that extent, the Dixon case is distinguishable and, in this court’s opinion, not binding.
The cause of action for conscious pain and suffering against defendants Stoddard, Flanigan and Hulbert is therefore dismissed.