■ DARYL ADAMS, Appellant, v COUNTY OF RENSSELAER, Defendant, and SHERIFF'S DEPARTMENT OF THE COUNTY OF RENSSELAER, Respondent. — Mahoney, P. J. Appeal from that part of an order of the Supreme Court at Special Term (Brown, J.), entered May 23, 1984 in Rensselaer County, which granted the motion of defendant Sheriff's Department of the County of Rensselaer to dismiss the complaint as against it.

The complaint alleges that on May 14, 1982, plaintiff, who was then an inmate at the Rensselaer County Jail, slipped and fell due to a puddle of liquid which had accumulated on the floor of an area of the jail. Plaintiff commenced this action against the County of Rensselaer and the Sheriff's Department alleging that defendants were negligent in allowing the liquid to accumulate. Plaintiff also alleged that defendants' negligent refusal to permit him to use crutches in his cell caused him to fall a second time and aggravate the initial injuries. Finally, plaintiff alleged that defendants failed to provide him with adequate medical care.

Defendants moved, pursuant to CPLR 3211 (a) (5), (7), to dismiss the complaint on the grounds that it failed to state a cause of action against the county and that the causes of action against the Sheriff's Department were barred by the applicable Statute of Limitations. Special Term granted only that part of the motion which sought dismissal of the complaint as against the Sheriff's Department. This appeal by plaintiff ensued.

CPLR 215 provides, in pertinent part: ¶"The following actions shall be commenced within one year:

"1. an action against a sheriff * * * upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the non-payment of money collected upon an execution". Plaintiff commenced this action on August 11, 1983. Since the causes of action accrued on May 19, 1982 and soon thereafter, the claims against the Sheriff's Department would be time barred if CPLR 215 (1) provides the applicable Statute of Limitations. If this section does not apply, the three-year period of limitations of CPLR 214 (5) would control.

The Sheriff's Department contends that CPLR 215 (1) is applicable since the alleged breaches of duty were committed by the Sheriff and his agents while in the course of the Sheriff's official duty to supervise and maintain the county jail. In resolving this issue, the focus is not on whether the alleged act or omission occurred while the Sheriff and/or his agents were in the course of their official duties, but on whether the duty alleged to have been breached was imposed by the Sheriff's office (*Dixon v Seymour*, 62 AD2d 444, 449). In *Dixon*, we held

that a Deputy Sheriff's negligence in the operation of a patrol vehicle while on duty did not involve a breach of a duty imposed by the Sheriff's office, but of the duty of reasonable care assumed by everyone who operates an automobile on the highway (*supra*, p 450).

The complaint in the instant case alleges three distinct breaches of duty: negligence in allowing liquid to accumulate on the floor of the jail, negligence in refusing to allow plaintiff to use crutches in his cell and the failure to provide adequate medical care. Negligence in allowing liquid to accumulate on the floor of the jail does not involve a breach of the official duty of the Sheriff to supervise the jail, but a breach of the general duty of an operator of any building to maintain certain portions of the building in a reasonably safe condition. With regard to this cause of action, the one-year Statute of Limitations provided by CPLR 215 (1) is not applicable. However, negligence in refusing to allow plaintiff to use crutches in his cell and to provide him with adequate medical care involve breaches of official duties of the Sheriff regarding the supervision and care of inmates under his control. Thus, the causes of action based on these allegations of negligence are time barred by CPLR 215 (1).

Order modified, on the law, without costs, by reversing so much thereof as dismissed the first cause of action in the complaint as against defendant Sheriff's Department of Rensselaer County; said cause of action reinstated; and, as so modified, affirmed. Mahoney, P. J., Casey and Harvey, JJ., concur; Kane and Mikoll, JJ., concur in part and dissent in part and vote to affirm the following memorandum by Mikoll, J.

Mikoll, J. (concurring in part and dissenting in part). We respectfully dissent from that portion of the majority's statement which would reinstate the first cause of action against the Sheriff's Department. The issue before this court is whether the alleged negligence of the Sheriff's Department constituted acts or omissions perpetrated in the Sheriff's official capacity. We conclude that plaintiff's allegations of the Sheriff's negligence arise from the Sheriff's official capacity as keeper of the jail, a duty imposed upon him by law.

The duties of a Sheriff are enunciated in County Law § 650 (1), which states as follows: "The sheriff shall perform the duties prescribed by law as an officer of the court and conservator of the peace within the county. He shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors or the county legislature." Correction Law § 500-c imposes a duty on the Sheriff for the custody and control of prisoners in the county jail. The statute requires that the

Sheriff receive and safely keep every person lawfully committed to his custody pursuant to law.

In contrast to the situation in *Dixon v Seymour* (62 AD2d 444), the Sheriff's duty here to maintain the jail premises is a duty imposed by statute and is therefore an official duty. It does not emanate from a general duty of care incumbent on all citizens as was the situation in *Dixon*. Since the Sheriff's alleged negligence in all three causes of action asserted against him occurred in the performance of his official duties, Special Term properly dismissed plaintiff's entire complaint against him as time barred.

The order should be affirmed.