OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the certified question answered in the affirmative.
 

 The first cause of action in negligence against the Rensselaer County Sheriff’s Department for allowing a pool of liquid to collect on the floor of the Rensselaer County Jail is time-barred by CPLR 215 (1), which provides a one-year period of
 
 *727
 
 limitation during which to bring an action against a Sheriff. The liability to which this short limitation period applies is coextensive with the liability against which a Sheriff must be bonded
 
 (Taylor v Mayone,
 
 626 F2d 247;
 
 Regan v Sullivan,
 
 557 F2d 300, 305, n 2;
 
 Ingo v Koch,
 
 127 F2d 667;
 
 Dixon v Seymour,
 
 62 AD2d 444). Under County Law § 403, the Sheriff must execute an official undertaking to the effect that he will "faithfully discharge the duties of his office” (Public Officers Law § 11). As the duties of the Sheriff are those "prescribed by law as an officer of the court and conservator of the peace * * * [as well as those] additional and related duties as may be prescribed by law” (County Law § 650 [1]), and the Sheriff is prescribed, by law, to safely keep inmates of the County Jail (Correction Law § 500-c), the Sheriff would be bonded against the failure to safely keep plaintiff within the Rensselaer County Jail. Thus, CPLR 215 (1), which provides that actions "against a sheriff * * * upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty” shall be commenced within one year, is applicable. The "duties of office” that must be faithfully executed under the County Law are "official” acts within the meaning of CPLR 215 (1).
 

 Dixon v Seymour (supra),
 
 upon which plaintiff relies, is not applicable. In that case the duty of the deputy sheriff to use reasonable care while operating an automobile upon the highway was not imposed upon him by his office but, rather, was the general duty assumed by everyone who drives a car. Here, in contrast, the duty to safely keep is imposed upon a Sheriff by his office. Accordingly, the first cause of action must be dismissed as it was not brought within the one-year period of limitation of CPLR 215 (1).
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in a memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order, insofar as appealed from, reversed, with costs, plaintiff’s first cause of action dismissed, and question certified answered in the affirmative.