■ JOHN K. DUGAN, Appellant, v COUNTY OF RENSSELAER, Respondent.—Kane, J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered September 13, 1984 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

On September 22, 1981, plaintiff, then an inmate at the Rensselaer County Jail, slipped and fell in a corridor located on the "D" tier within the jail between cells Nos. 3 and 4. In due course, plaintiff commenced this action against defendant, the County of Rensselaer. Plaintiff did not sue the Rensselaer County Sheriff.

After examinations before trial were conducted, defendant moved for summary judgment on the ground that plaintiff was unable to point to any negligence on the part of defendant. Special Term agreed, finding that the negligence complained of, if any, was attributable to the Sheriff. This appeal ensued.

We affirm. A review of the record reveals that the alleged cause of plaintiff's accident was a temporary condition of water standing upon the floor of D tier. This condition was caused by the fact that, shortly before plaintiff's fall, Sheriff's deputies were forced to hose down the area in order to suppress an arson incident (see, Adams v County of Rensselaer, 66 NY2d 725). Since the Sheriff was responsible for the safety of plaintiff (Correction Law § 500-c) and defendant cannot be made responsible for the acts of its Sheriff (NY Const, art XIII, § 13 [a]), summary judgment was properly granted to defendant.

Order affirmed, with costs. Kane, Casey and Weiss, JJ., concur.

Mahoney, P. J., and Levine, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). Special Term erred in granting defendant's motion for summary judgment dismissing the complaint. The complaint alleges that plaintiff was injured due to the negligence of defendant, its agents and employees. While it appears from discovery that the wet condition which caused plaintiff's fall resulted from Sheriff's deputies hosing down a cell, that is not the act which plaintiff alleges as negligent. Plaintiff's action is founded on defendant's failure to properly maintain the jail by, inter alia, allowing the water to remain on the floor, failing to warn of the hazard and failing to provide adequate handrails and lighting. Defendant had a duty to maintain the jail (County Law § 217; see, Matter of County of Cayuga v McHugh, 4 NY2d 609, 613, 615). Facts in the record

indicate that defendant did own the jail and did provide for maintenance thereof in its budget for the year in which the accident occurred.

While it is true that the Constitution provides that "the county shall never be made responsible for the acts of the sheriff" (NY Const, art XIII, § 13 [a]) and that the provision may well extend to Deputy Sheriffs *(see, Barr v County of Albany,* 50 NY2d 247, 256-257), it is not the acts or omissions of the Sheriff or his deputies that plaintiff alleges as the basis of this action, but acts or omissions of defendant and its employees in maintaining the jail. It is apparent from the record that a question of fact exists regarding this allegation. The order should be reversed and defendant's motion for summary judgment denied.