■ IVAN A. BRADY et al., Appellants, v WILLIAM D. WOODWORTH, Respondent.—Order unanimously reversed, on the law, without costs, and amended complaint reinstated. Memorandum: Special Term erred in dismissing plaintiffs' action against defendant Oswego County Deputy Sheriff for negligence in the operation of a motor vehicle on the ground that it was time barred by CPLR 215 (1), which provides a one-year period of limitation during which to bring an action against a Sheriff. "The liability to which this short limitation period applies is coextensive with the liability against which a Sheriff must be bonded (Taylor v Mayone, 626 F2d 247; Regan v Sullivan, 557 F2d 300, 305, n 2; Ingo v Koch, 127 F2d 667; Dixon v Seymour, 62 AD2d 444)" (Adams v County of Rensselaer, 66 NY2d 725, 727). The duty imposed upon a Deputy Sheriff to use reasonable care while operating an automobile upon the highway is not imposed upon him by his office, but is a general duty assumed by everyone who drives a car (Adams v County of Rensselaer, supra, p 727; Dixon v Seymour, supra, p 450; cf. Maurice v Stoddard, 127 Misc 2d 272). Therefore, defendant is not entitled to the short limitation period of CPLR 215 (1), and plaintiffs' action was timely commenced (CPLR 214). To the extent that this court's affirmance without opinion of Special Term's unreported decision in George v County of Erie (31 AD2d 891, lv denied 24 NY2d 739) has been cited for authority to the contrary, it is disapproved.

Nor should plaintiff's claim be dismissed for failure to file a timely notice of claim. Service of notice of claim upon the County of Oswego is not required as a condition precedent to the maintenance of an action against a Deputy Sheriff because the County of Oswego has never specifically assumed liability, by legislative enactment, for the acts of its Deputy Sheriffs (Barr v County of Albany, 50 NY2d 247, 256; Passonno v County of Rensselaer, 87 AD2d 693, appeal dismissed 59 NY2d 970). However, plaintiffs' motion to amend their complaint to add the County of Oswego and the Oswego County Sheriff's

Department as party defendants must be denied. A county is immune from liability for the negligent acts of Deputy Sheriffs unless it has specifically enacted local legislation accepting such liability *(Barr v County of Albany, supra; Wilson v Sponable,* 81 AD2d 1, *appeal dismissed* 54 NY2d 834). Nor can a Sheriff be held liable for the tortious conduct of his Deputies *(Barr v County of Albany, supra,* p 257; *Foyster v Tutuska,* 25 AD2d 940). Moreover, plaintiffs' motion to add these defendants was not made within three years of the date of the accident and, therefore, plaintiffs' claims are time barred (CPLR 214). (Appeal from order of Supreme Court, Oswego County, Lynch, J.—vacate default judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.