■ JOHN M. KINGSTON, Appellant, v KENNETH J. BRAUN, Respondent. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Plaintiff brought this action against the Sheriff of Erie County for injuries he received when he fell from a ladder in the Erie County Holding Center, where he was confined while awaiting sentencing. Special Term properly dismissed the action against the Sheriff as barred by the one-year Statute of Limitations governing actions against a Sheriff "upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty" (CPLR 215 [1]). The Sheriff is prescribed by law to safely keep inmates of the County Jail (Correction Law § 500-c). Thus, his failure to keep the plaintiff safely constitutes an "omission of an official duty" within the meaning of the statute *(see, Adams v County of Rensselaer,* 66 NY2d 725, *revg* 109 AD2d 1027).

Plaintiff argues that his second cause of action, based on the failure to provide adequate medical treatment for the injuries received in the fall, was a continuing wrong which may not have been barred by the one-year limitation. By failing to raise this issue at Special Term, plaintiff has not preserved it for review. Ordinarily, the cause of action for failure to provide medical treatment would arise at the time of the accident. Inasmuch as plaintiff attempts to rely upon an exception to the general rule concerning claim accrual, he had the burden of proving that his case falls within the exception *(see, Ferrer v Methodist Hosp.,* 101 AD2d 806; *Doyon v Bascom,* 38 AD2d 645). He has failed to meet this burden. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—dismiss action.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.