■ WILLIAM C. EIDMAN, Respondent, v COUNTY OF MONROE et al., Defendants, and DOUGLAS S. THORPE, JR., as Monroe County Deputy Sheriff, Appellant.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly concluded that plaintiff's action against defendant Thorpe was not governed by a one year Statute of Limitations (CPLR 215 [1]). Since the duty imposed upon a Deputy Sheriff to use reasonable care in the operation of his motor vehicle is not a duty imposed upon him by his office, but instead is a duty imposed upon everyone who operates a motor vehicle, the shortened one year Statute of Limitations does not apply *(Brady v Woodworth,* 117 AD2d 995; *Dixon v Seymour,* 62 AD2d 444).

We also reject defendant Thorpe's argument that plaintiff's civil rights action (42 USC § 1983) must be dismissed. The record presents conflicting versions of the facts surrounding the accident sufficient to raise a factual issue regarding Thorpe's state of mind at the time his patrol car struck plaintiff. Whether Thorpe acted intentionally is a factual question which precludes summary judgment *(see, Slavin v Curry,* 574 F2d 1256, *reh denied* 583 F2d 779; *see generally, Trustees of Hamilton Coll. v Cunningham,* 70 AD2d 1048, 1049). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Summary Judgment.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.