■ Margaret Snyder, Appellant, v Donald Plank et al., Respondents. [909 NYS2d 246]—

Appeal from an order of the Supreme Court, Livingston County (Thomas M. Van Strydonck, J.), entered September 21, 2009. The order granted the motion of defendants to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell while visiting her brother, an inmate at the Livingston County Jail (Jail). We conclude that Supreme Court properly granted defendants' pre-answer motion to dismiss the complaint as time-barred pursuant to CPLR 215 (1). That statute provides that a plaintiff shall commence "an action against a sheriff, coroner or constable, upon a liability incurred by him [or her] by doing an act in his [or her] official capacity or by omission of an official duty" within one year of the act or omission (CPLR 215 [1]). We reject the contention of plaintiff that the one-year limitations period set forth in CPLR 215 (1) does not apply here because maintenance of the floor in the visitor's lounge of the Jail is not an "official duty" of defendant Sheriff John N. York (Sheriff). Pursuant to Correction Law § 500-c (1), the sheriff of each county "shall have" custody of the county jail, which includes the duty to maintain those premises in a reasonably safe condition (*see Adams v County of Rensselaer*, 66 NY2d 725, 726-727 [1985]; *see generally Basso v Miller*, 40 NY2d 233, 239-241 [1976]). Contrary to plaintiff's further contention, a sheriff's duty to keep the county jail in a reasonably safe condition is not limited to prisoners, but extends to those who, like plaintiff,

enter the premises with the permission of the sheriff. Indeed, Correction Law § 500-j provides that a sheriff, with certain exceptions not relevant here, has the authority to determine who may or may not visit a jail. Plaintiff mistakenly relies on a line of cases holding that CPLR 215 (1) does not apply where a sheriff's deputy injures a plaintiff while negligently operating his or her vehicle (*see Eidman v County of Monroe*, 177 AD2d 996 [1991]; *Brady v Woodworth*, 117 AD2d 995, 995 [1986]; *Dixon v Seymour*, 62 AD2d 444 [1978]). Here, the duty to maintain the Jail in a reasonably safe condition arises by virtue of the Sheriff's office, i.e., the Sheriff's custody of the Jail as conferred by statute (*see* Correction Law § 500-c [1]; *Adams*, 66 NY2d at 727). Finally, we reject plaintiff's contention that maintaining the floors of the Jail is not an official duty of the Sheriff because the inmates, not the Sheriff, mop the floors. Inasmuch as the Sheriff is vested with custody of the Jail and thus is the caretaker of that facility, it is irrelevant that inmates are assigned the task of cleaning the floors. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.