■ RUTH FERRER et al., Respondents, v METHODIST HOSPITAL, Appellant, et al., Defendants. — In a medical malpractice action, the appeal is from an order of the Supreme Court, Kings County (Spodek, J.), dated April 29, 1983, which denied appellant's motion for summary judgment on the ground of the Statute of Limitations. ¶ Order reversed, on the law, with costs, and matter remitted to the Supreme Court, Kings County, for an immediate hearing in accordance herewith. ¶ This medical malpractice action, commenced on or about March 30, 1981, derives from hip replacement surgery performed at the defendant hospital in November, 1977. The hospital asserted the defense of Statute of Limitations in its answer and later moved for summary judgment on this ground. In opposition to the motion, plaintiffs urged the application of the continuous treatment doctrine in that plaintiff Ruth Ferrer was allegedly examined at the defendant hospital in September, 1979, due to back pain which arose as a result of the original surgery. Special Term denied the motion on the ground that there was an issue of fact as to whether the continuous treatment doctrine applied. In a motion to renew, defendant relied on plaintiff Ruth Ferrer's deposition in which she stated that the later hospital visit was at the emergency room, where she was examined and told she was fine. Special Term denied the renewal motion and directed an immediate evidentiary hearing. At the hearing, the court informed the parties that the hospital had the burden of going forward, and upon the hospital's failure to present any evidence, the court denied the motion for summary judgment. ¶ Special Term erred in requiring the hospital to go forward to disprove the applicability of the continuous treatment doctrine. A plaintiff relying upon an exception to the general rule concerning claim accrual has the burden of proving its applicability (*Connell v Hayden,* 83 AD2d 30, 39). There was no need for the hospital to establish the date of accrual since the court had previously established

November 22, 1977 as the date and ruled that the Statute of Limitations "expired against the defendant hospital unless it was extended on the basis of the 'continuous treatment' doctrine". Accordingly, there should be a reversal and a new immediate hearing on the issue of continuous treatment. Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.